(No. 62724.—

*In re* MARRIAGE OF PEGGY WICKMAN BOGAN, Appellant, and RALPH A. L. BOGAN, JR., Appellee.

*Opinion filed November 20, 1986.—Rehearing denied January 30, 1987.*

Feiwell, Galper, Lasky & Berger, Ltd., of Chicago (George S. Feiwell, Lawrence S. Starkopf, William J. Judge and Joseph J. Sinopoli, of counsel), for appellant.

Schiller, DuCanto & Fleck, Ltd., of Chicago (Joseph N. DuCanto, James B. O'Brien and Sarane C. Siewerth,

of counsel), for appellee.

JUSTICE RYAN delivered the opinion of the court:

Petitioner, Peggy Bogan, appealed from a judgment of dissolution of marriage entered by the circuit court of Cook County. The appellate court dismissed the appeal, and we granted the petition for leave to appeal.

On October 12, 1984, petitioner filed a petition for the dissolution of her marriage to Ralph Bogan, Jr. Respondent filed a motion for summary judgment and for entry of a bifurcated judgment. The trial court held a hearing on the petition, cross-petition and motion on August 6, 1985. At the hearing the trial court found that there was no dispute regarding grounds for dissolution and proceeded to take testimony on the issue of bifurcating the judgment. The trial court decided in favor of bifurcation and, over petitioner's objection, a judgment of dissolution was entered on August 13, 1985. The trial court reserved all other issues, including property division, maintenance, and attorney fees, for future consideration.

Petitioner appealed the entry of the bifurcated judgment, arguing that there were no "appropriate circumstances" to justify bifurcation, as required by *In re Marriage of Cohn* (1982), 93 Ill. 2d 190. The appellate court dismissed petitioner's appeal, holding that under *In re Marriage of Leopando* (1983), 96 Ill. 2d 114, a judgment of dissolution is not final and appealable.

This appeal presents two issues: (1) whether our holding in *In re Marriage of Leopando* (1983), 96 Ill. 2d 114, forecloses appeal of a bifurcated judgment of dissolution where the appellant does not dispute the grounds for divorce but challenges only the propriety of the bifurcation itself; and (2) whether the trial court erred by finding that appropriate circumstances existed for entering a bifurcated judgment.

Respondent argues, and the appellate court agreed, that the judgment in this case is not appealable because all of the ancillary issues have not been resolved. (See *In re Marriage of Leopando* (1983), 96 Ill. 2d 114, 119.) In *Leopando* we held that a petition for dissolution advances a single claim for an order dissolving the parties' marriage, and that the numerous other issues, such as custody, property division and support, are merely ancillary to the cause of action. Therefore, since they are not separate claims, in order to avoid piecemeal appeals arising out of the same litigation, we concluded that Rule 304(a) (87 Ill. 2d R. 304(a)) does not authorize appeal from judgments on the separate issues. (*In re Marriage of Leopando* (1983), 96 Ill. 2d 114, 119.) Both parties cite cases which construe *Leopando* in a manner which supports their positions. (See *In re Marriage of Lord* (1984), 125 Ill. App. 3d 1; *In re Marriage of Rosenow* (1984), 123 Ill. App. 3d 546; *In re Marriage of Parks* (1984), 122 Ill. App. 3d 905; *In re Marriage of Koch* (1983), 119 Ill. App. 3d 388; *In re Marriage of Derning* (1983), 117 Ill. App. 3d 620.) These cases are inapposite. The issue in this case is not whether the trial court erred in deciding one of the ancillary issues involved in a dissolution case, which was the issue in the cases cited. (*In re Marriage of Rosenow* (1984), 123 Ill. App. 3d 546, 547 (appeal from the award of attorney fees); *In re Marriage of Koch* (1983), 119 Ill. App. 3d 388, 389 (appeal involving the issues of notice and opportunity to contest the dissolution); *In re Marriage of Derning* (1983), 117 Ill. App. 3d 620, 621 (appeal involving the award of maintenance and child support, the valuation of a business, and the apportionment of pension benefits).) Petitioner in this case challenges only the bifurcation of judgment itself.

Respondent contends that if we allow the appeal in this case, we will open the door to the "unnecessary

piecemeal litigation" that we condemned in *Leopando.* (*In re Marriage of Leopando* (1983), 96 Ill. 2d 114, 120.) This is not the case. Allowing a litigant to appeal the bifurcation of a judgment, where timely objection was made before the trial court, does not encourage piecemeal appeals involving the dissolution itself or the ancillary issues. Furthermore, if we refuse to allow a litigant to appeal the propriety of a bifurcated judgment until all of the ancillary issues have been resolved, the issue would be moot and appeal on that issue would therefore be foreclosed. In this case petitioner has no recourse, and no reviewing court will be able to determine whether the trial court correctly ordered a bifurcated judgment, unless she can appeal. See *Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 306.

We turn now to the issue of whether the trial court erred by entering the bifurcated judgment. Petitioner argues that respondent failed to demonstrate that appropriate circumstances existed for bifurcation, under the test enunciated in *In re Marriage of Cohn* (1982), 93 Ill. 2d 190.

Entry of judgments of dissolution is addressed under section 401 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1985, ch. 40, par. 401). Prior to our decision in *Cohn*, section 401(3) of the Act provided that a judgment of dissolution "shall not be entered unless, to the extent it has jurisdiction to do so, the court has considered, approved, reserved or made provision for child custody, the support of any child of the marriage entitled to support, the maintenance of either spouse and the disposition of property." (Ill. Rev. Stat. 1983, ch. 40, par. 401(3).) Although section 401(3) did not contain language to this effect, the Historical and Practice Notes to this section stated that the trial court could reserve issues such as child custody, property division, and maintenance in "appropriate circum-

stances." (Ill. Ann. Stat., ch. 40, par. 401(3), Historical and Practice Notes, at 105 (Smith-Hurd 1980).) The following appropriate circumstances were suggested:

> "For example, although the court may have personal jurisdiction over the husband so that it could order him to pay child support or maintenance, the court may consider it inappropriate to do so at that time due to the husband's inability to make payments or due to the fact that the court has set aside an adequate fund for child support pursuant to section 503(d). The court may also reserve such issues when it does not have in *personam jurisdiction* over the respondent. Likewise, if the child is not residing with either party, the question of custody may properly be reserved."

It was also suggested in the Historical and Practice Notes that this narrow interpretation of section 401(3) "encourages the court to decide all matters incident to the dissolution in a single judgment, to the fullest extent of its authority, in order to achieve finality, promote judicial economy, and avoid multiple litigations and complications which can result from the entry of partial judgments, particularly judgments which dissolve the marriage but 'reserve' remaining issues for later determination."

When the appellate court decided the *Cohn* case, the court emphasized the limited nature of appropriate circumstances by holding that in the absence of such circumstances "the court is without authority to enter a judgment of dissolution unless the court has either 'approved' an agreement between the parties as to these matters, or 'considered' them to the extent it could refuse to make any award if such a result is justified or has made an allotment as the facts require." (*In re Marriage of Cohn* (1981), 94 Ill. App. 3d 732, 740.) The appellate court's decision prompted the legislature to amend section 401(3), adding the following language:

"The court may bifurcate the judgment for dissolution and reserve questions of child custody, the support of any child of the marriage entitled to support, the maintenance of either spouse and the disposition of property regardless of whether i) the court has *in personam* jurisdiction over the respondent, or ii) one of the parties would be unable to pay child support or maintenance if so ordered, or iii) the court has set aside an adequate fund for child support pursuant to subsection (d) of Section 503, or iv) the child or children of the parties do not reside with either parent.

All judgments for dissolution of marriage reserving any such questions entered prior to the effective date of this amendatory Act of 1981 are declared to be valid as of the date of entry.

If any provision of this Section or application thereof shall be adjudged unconstitutional or invalid for any reason by any court of competent jurisdiction, such judgment shall not impair, affect or invalidate any other provision or application of this Section, which shall remain in full force and effect." (Pub. Act 82—197, eff. Aug. 14, 1981.)

The amendment also altered the first sentence in section 401(3), changing it from "Such judgment shall not be entered unless \*\*\*," to "Such judgment may not be entered unless \*\*\*." (1981 Ill. Laws 1138.) The amendment gave the trial court the discretion to enter a judgment of dissolution while reserving the remaining issues irrespective of whether appropriate circumstances, as defined in the appellate court opinion in *Cohn*, were present. When the *Cohn* case reached this court, we held that the legislature's attempt to validate prior judgments of dissolution by amending section 401(3) was an unconstitutional attempt to retroactively invalidate the action of a reviewing court. (*In re Marriage of Cohn* (1982), 93 Ill. 2d 190, 206.) We concluded that "the appellate court properly construed section 401(3) as originally contemplating that appropriate circumstances should exist be-

fore a trial judge enters a judgment of dissolution and reserves questions of child custody, support, maintenance, or property disposition." (93 Ill. 2d 190, 200.) This court also concluded, as did the appellate court, that appropriate circumstances include, but are not limited to, the following:

"Where the court does not have *in personam* jurisdiction over the respondent; where a party is unable to pay child support or maintenance if so ordered; where the court has set aside an adequate fund for child support pursuant to section 503(d) of the Act; or where the parties' child or children do not reside with either parent." 93 Ill. 2d 190, 199.

After we issued our opinion in the *Cohn* case, the legislature once again amended section 401(3). (Pub. Act 83—247, eff. Sept. 9, 1983.) The 1983 amendment basically restored the original version of the statute. The word "may" was replaced by the original word "shall," and the trial court was required to find "appropriate circumstances" before entering a bifurcated judgment of dissolution. In addition, the 1983 amendment authorizes bifurcation of a judgment upon agreement of the parties. Section 401(3), renumbered 401(b), now provides as follows:

"Such judgment shall not be entered unless, to the extent it has jurisdiction to do so, the court has considered, approved, reserved or made provision for child custody, the support of any child of the marriage entitled to support, the maintenance of either spouse and the disposition of property. The court may enter a judgment for dissolution which reserves any such issues either upon (i) agreement of the parties, or (ii) motion of either party and a finding by the court that appropriate circumstances exist." Ill. Rev. Stat. 1985, ch. 40, par. 401(b).

The appropriate circumstances for bifurcating a judgment, as referenced in section 401(b) and enumerated in *Cohn,* are narrowly drawn. If trial courts were allowed

unfettered discretion to bifurcate a judgment of dissolution, the inequities and complications envisioned by this court in *Cohn* would result. For example:

"[T]he court could likely be required to adjudicate marital-property rights that have become entangled with the supervening rights of third parties, including subsequent spouses. Additionally, entering a judgment of dissolution prior to property disposition would complicate, rather than simplify, matters with respect to the rights of a surviving spouse in the event of an intervening death. Other complications that can ensue if a judgment of dissolution is not deferred until disposition of the other matters include the loss of ability to file joint income tax returns, the loss of medical insurance coverage, and the loss of marital-property treatment for property accumulated during the intervening period between the entry of the judgment of dissolution and the final disposition of property rights." *In re Marriage of Cohn* (1982), 93 Ill. 2d 190, 199.

While we did not attempt to set forth an exhaustive list of appropriate circumstances in *Cohn*, we conclude here that the reasons advanced for bifurcation must be of the same caliber as those enumerated in *Cohn*.

In the case before us, respondent has failed to demonstrate that appropriate circumstances existed for bifurcation of the judgment of dissolution. Respondent's evidence consisted of his own testimony, and that of two business associates, to the effect that the separation of the parties during the past several years of their marriage had hampered respondent's performance as chairman and chief executive officer of a bank. Specifically, respondent cited difficulty in performing professional activities such as participation in community activities, attendance at conventions, and participation in social gatherings involving friends and customers from the bank. We are not persuaded that respondent's inability to perform the social functions expected by his employer

in connection with his job constitutes an appropriate circumstance for bifurcation. Consequently, we hold that the trial court abused its discretion by entering a bifurcated judgment of dissolution.

Since the record and briefs fully and specifically addressed the appropriate-circumstances issue, in the interest of judicial economy, it is not necessary for us to remand the case to the appellate court. The judgment of the circuit court of Cook County is reversed, and this cause is remanded to that court for further proceedings.

*Reversed and remanded.*