839 N.E.2d 678 (2005)
362 Ill. App.3d 191
298 Ill.Dec. 355
In re MARRIAGE OF Helen R. LINK, Petitioner, and
David E. Link, Respondent and Third-Party Petitioner-Appellant (Cheri Wayman, Third-Party Respondent-Appellee).
In re Marriage of Helen R. Link, Petitioner-Appellant, and
David E. Link, Respondent and Third-Party Petitioner (Cheri Wayman, Third-Party Respondent-Appellee).
Nos. 2-05-0194, 2-05-0209.
Appellate Court of Illinois, Second District.
November 30, 2005.
*679 George P. Hampilos, Stephan M. Langley, Schirger, Monteleone & Hampilos, P.C., Rockford, for Helen R. Link.
Paul R. Cicero, Cicero & France, P.C., Rockford, for David E. Link.
Peter B. Nolte, Sreenan & Cain, P.C., Rockford, for Cheri Wayman.
Justice KAPALA delivered the opinion of the court:
The parties to this dissolution of marriage action, Helen R. Link and David E. Link, appeal from an order of the circuit court of Winnebago County that declared third-party respondent, Cheri Wayman, to be the sole owner of certain property known as 3835 16th Avenue, Rockford, Illinois (the property). For the reasons that follow, we dismiss this consolidated appeal for lack of appellate jurisdiction.

FACTS
Helen filed her petition for dissolution of marriage on December 20, 2002. During the marriage David had an amorous affair with Cheri Wayman. During his relationship with Cheri, David deeded the property, which was in his name alone, to Cheri. This transfer occurred on May 30, 2002. According to David, he planned to cohabit with Cheri at the property. However, Cheri changed the locks after she moved there.
On March 3, 2003, David filed a third-party complaint against Cheri in the pending dissolution proceeding. He alleged that Cheri held the property in a resulting trust for the benefit of the marital estate. After a hearing, the trial court found that David made a gift of the property to Cheri. This ruling effectively denied the third-party complaint. Both Helen and David *680 filed timely notices of appeal. The trial court did not make a finding pursuant to Supreme Court Rule 304(a) (155 Ill.2d R. 304(a)). This court consolidated the appeals for review.

ANALYSIS
At the time David and Helen filed their notices of appeal, none of the issues related to the dissolution had been resolved. While none of the parties to this appeal has raised the issue of our jurisdiction, a reviewing court has a duty to consider sua sponte its jurisdiction and to dismiss an appeal if jurisdiction is wanting. Revolution Portfolio, LLC v. Beale, 341 Ill.App.3d 1021, 1024-25, 276 Ill.Dec. 141, 793 N.E.2d 900 (2003). Both appellants assert we have jurisdiction pursuant to Supreme Court Rule 301 (155 Ill.2d R. 301) and Supreme Court Rule 303 (Official Reports Advance Sheet No. 7 (March 30, 2005), R. 303(a), eff. March 18, 2005). Rule 301 provides for appeal as a matter of right from final judgments. In re M. M., 337 Ill.App.3d 764, 771, 272 Ill.Dec. 115, 786 N.E.2d 654 (2003). "`A final judgment is one that fixes absolutely and finally the rights of the parties in the lawsuit; it is final if it determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment.'" M. M., 337 Ill.App.3d at 771, 272 Ill.Dec. 115, 786 N.E.2d 654, quoting In re Adoption of Ginnell, 316 Ill.App.3d 789, 793, 250 Ill. Dec. 117, 737 N.E.2d 1094 (2000). An order is not final if jurisdiction is retained for matters of substantial controversy. M. M., 337 Ill.App.3d at 771, 272 Ill.Dec. 115, 786 N.E.2d 654. In our case, the order disposing of the third-party complaint is not a final order for purposes of Rule 301 because all of the issues related to the dissolution action were still unresolved. Therefore, this court does not have jurisdiction to hear this appeal.
It occurs to us that upon dismissal of this appeal the appellants might rely upon Rule 304(a) and, after obtaining the necessary written finding from the trial court, return to this court. For this reason, we additionally address whether under In re Marriage of Leopando, 96 Ill.2d 114, 70 Ill.Dec. 263, 449 N.E.2d 137 (1983), a Rule 304(a) finding would allow them to bring an immediate appeal before the trial court disposes of all of the issues in the dissolution proceeding. Rule 304(a) provides, inter alia, that if multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to fewer than all of the claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both. 155 Ill.2d R. 304(a).
In Leopando, our supreme court held that an order dissolving the parties' marriage in which permanent custody was awarded to the respondent was not appealable because it reserved for future consideration the issues of maintenance, property division, and attorney fees. Leopando, 96 Ill.2d at 119, 70 Ill.Dec. 263, 449 N.E.2d 137. Leopando held that a petition for dissolution advances a single claim, that is, a request for an order dissolving the parties' marriage. Leopando, 96 Ill.2d at 119, 70 Ill.Dec. 263, 449 N.E.2d 137. Because a dissolution petition presents but a single claim, and in order to avoid piecemeal appeals, our supreme court held that Rule 304(a) cannot be used to appeal an interlocutory custody order where the remaining issues linger unresolved. Leopando, 96 Ill.2d at 120, 70 Ill.Dec. 263, 449 N.E.2d 137. Leopando uses the word "ancillary" to describe the numerous issues involved in a dissolution case, such as custody, property disposition, and support. Leopando, 96 Ill.2d at 119, 70 Ill.Dec. 263, 449 N.E.2d 137. Here, we must decide whether David's claim that Cheri held the property in trust for the benefit of the marital estate is a claim that is ancillary to the dissolution case.
*681 In In re Marriage of Bogan, 116 Ill.2d 72, 107 Ill.Dec. 188, 506 N.E.2d 1243 (1986), our supreme court held that an order entered in the original dissolution proceedings, bifurcating the judgment, was appealable with a Rule 304(a) finding because the bifurcation of the judgment was not one of the ancillary issues involved in a dissolution case. Bogan, 116 Ill.2d at 75-76, 107 Ill.Dec. 188, 506 N.E.2d 1243. "Allowing a litigant to appeal the bifurcation of a judgment * * * does not encourage piecemeal appeals involving the dissolution itself or the ancillary issues." Bogan, 116 Ill.2d at 76, 107 Ill.Dec. 188, 506 N.E.2d 1243. Furthermore, the court held, if the appeal had to wait until all of the ancillary issues had been resolved, the issue of bifurcation would be moot, and the appellant would have no recourse. Bogan, 116 Ill.2d at 76, 107 Ill.Dec. 188, 506 N.E.2d 1243. In In re Marriage of Gordon, 233 Ill. App.3d 617, 175 Ill.Dec. 137, 599 N.E.2d 1151 (1992), the court determined that a petition for a protective order under the Domestic Violence Act filed in a marital dissolution case is a separate claim and is not an ancillary part of the claim for dissolution. Gordon, 233 Ill.App.3d at 627, 175 Ill.Dec. 137, 599 N.E.2d 1151. Thus, if resolution of David's third-party action against Cheri is distinct from the issues between Helen and David in the dissolution case, this case is appealable with a proper Rule 304(a) finding. To make this determination, we examine the issues necessary to an equitable property distribution between the parties to the dissolution and the issues necessary to resolve who has an interest in the property.
Section 503(d) of the Illinois Marriage and Dissolution of Marriage Act (the Act) (750 ILCS 5/503(d) (West 2002)) requires the trial court to assign each spouse's nonmarital property to that spouse and to divide the marital property in just proportions considering the following factors:
"(1) the contribution of each party * * *;
(2) the dissipation by each party of the marital or non-marital property;
(3) the value of the property assigned to each spouse;
(4) the duration of the marriage;
(5) the relevant economic circumstances of each spouse when the division of property is to become effective * * *;
(6) any obligations and rights arising from a prior marriage of either party;
(7) any antenuptial agreement of the parties;
(8) the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, and needs of each of the parties;
(9) the custodial provisions for any children;
(10) whether the apportionment is in lieu of or in addition to maintenance;
(11) the reasonable opportunity of each spouse for future acquisition of capital assets and income; and
(12) the tax consequences of the property division upon the respective economic circumstances of the parties." 750 ILCS 5/503(d) (West 2002).
The trial court found that the evidence supported Cheri's contention that David deeded the property to her as a gift. "`A gift is a voluntary gratuitous transfer of property from donor to donee where the donor manifests an intent to make such a gift and absolutely and irrevocably delivers the property to the donee.' [Citations.]" In re Marriage of Didier, 318 Ill.App.3d 253, 259, 252 Ill.Dec. 270, 742 N.E.2d 808 (2000). The three elements needed to prove a gift are donative intent, acceptance, and delivery. In re Ericson, 302 B.R. 266, 270 (Bankr.C.D.Ill.2003). David alleged in his third-party complaint that *682 Cheri held the property in a resulting trust. A resulting trust arises where one person purchases property with his own funds and title is taken in the name of another. Avenaim v. Lubecke, 347 Ill. App.3d 855, 863, 283 Ill.Dec. 227, 807 N.E.2d 1068 (2004). "A resulting trust can arise only at the time of the conveyance, and `the payor's intention at that time determines whether a resulting trust may be found.'" Avenaim, 347 Ill.App.3d at 863, 283 Ill.Dec. 227, 807 N.E.2d 1068, quoting In re Estate of Koch, 297 Ill. App.3d 786, 788, 232 Ill.Dec. 189, 697 N.E.2d 931 (1998). Central to the inquiry into whether a resulting trust exists are the issues of who paid for the property and who was intended to beneficially enjoy the property. Avenaim, 347 Ill.App.3d at 863, 283 Ill.Dec. 227, 807 N.E.2d 1068, citing 90 C.J.S. Trusts § 147, at 273 (2002). These issues are distinct from the issues the trial court faces in dividing the marital property under section 503(d) of the Act.
We note further that David acquired the property during his marriage to Helen. If the court were to determine that the property David deeded to Cheri was marital property, then the court would need to consider the dissipation factor under section 503(2) of the Act. "Dissipation is generally defined as the use of marital property for the sole benefit of one of the spouses for a purpose unrelated to the marriage at a time that the marriage is undergoing an irreconcilable breakdown." In re Marriage of Cerven, 317 Ill.App.3d 895, 900, 252 Ill.Dec. 93, 742 N.E.2d 343 (2000). Thus, although the third-party case touches upon one of the ancillary issues in this dissolution, in our judgment it is not intertwined with the dissolution case in the same way that the custody issue was intertwined with the dissolution claim in Leopando. Therefore, we hold that the judgment in favor of Cheri on the third-party complaint would have been immediately appealable if the appellants had obtained the necessary Rule 304(a) finding.
In re Marriage of Peshek, 89 Ill.App.3d 959, 45 Ill.Dec. 347, 412 N.E.2d 698 (1980), lends support for our conclusion that the issue of whether David made a gift of the property is distinct from the dissolution issues. In that case, the petitioner and the respondent in the dissolution case deeded their marital home to the petitioner's parents, who put it into a land trust with a bank. Peshek, 89 Ill.App.3d at 961, 45 Ill.Dec. 347, 412 N.E.2d 698. The respondent sought leave to file a third-party complaint against the petitioner's parents and the bank in the dissolution case, which was denied. Peshek, 89 Ill.App.3d at 961, 45 Ill.Dec. 347, 412 N.E.2d 698. The respondent alleged that the beneficial interest in the marital home was the sole property of the marital estate. Peshek, 89 Ill.App.3d at 961, 45 Ill.Dec. 347, 412 N.E.2d 698. The appellate court held that the respondent should have been allowed to file the third-party complaint in the dissolution proceeding because under section 503 of the Act the court has to consider whether property is marital or nonmarital. Peshek, 89 Ill.App.3d at 965, 45 Ill.Dec. 347, 412 N.E.2d 698. The appellate court pointed out the speculative nature of the marital estate's interest in the property. "At best, the property can be considered a potential or alleged asset. It is possible that a hearing on this issue would result in a finding that the parties have no interest in the property because they deeded the house to [the petitioner's parents] as a gift * * *." Peshek, 89 Ill.App.3d at 964, 45 Ill.Dec. 347, 412 N.E.2d 698. This language suggests that the issue of whether the parties made a gift is distinct from the dissolution issues and that a separate hearing on what interest the marital estate has is a threshold to considering whether the property is marital or nonmarital.
*683 By this decision, we are not encouraging piecemeal appeals. Cheri is a stranger to the dissolution case pending between David and Helen. Her interest in the property, as we have held, is discernable without regard to the resolution of the numerous issues between David and Helen. In this respect, this case is like Bogan, where the bifurcation order in the original proceeding was immediately appealable if the trial court ruled that a Rule 304(a) finding was appropriate.
Because the trial court's ruling disposing of the third-party complaint was not appealable under Rule 301, and because Helen and David did not obtain a Rule 304(a) finding in this case, we dismiss this appeal for lack of jurisdiction.
Appeal dismissed.
McLAREN and BOWMAN, JJ., concur.