2020 IL App (1st) 191300-U

THIRD DIVISION
September 30, 2020

No. 1-19-1300

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).
_____

IN THE APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| LATASHA L. KENT, | ) | Appeal from |
| | ) | the Circuit Court |
| Petitioner-Counter-Respondent-Appellee, | ) | of Cook County |
| | ) | |
| v. | ) | 2017-D-350000 |
| | ) | |
| WILLIAM L. WELLS, | ) | Honorable |
| | ) | James P. Pieczonka, |
| Respondent-Counter-Petitioner-Appellant. | ) | Judge Presiding |

JUSTICE McBRIDE delivered the judgment of the court.
Presiding Justice Howse and Justice Ellis concurred in the judgment.

O R D E R

¶ 1    *Held*: Interlocutory appeal dismissed for lack of jurisdiction.

¶ 2    This is an interlocutory appeal from an order denying a motion to vacate an attorney fee award. The parties, Latasha L. Kent and William L. Wells, had a child together in 2015, and in 2017, Ms. Kent petitioned for child and medical support and Mr. Wells counter-petitioned for an allocation of parental responsibilities and parenting time. As the parties continued to litigate in 2018, the circuit court appointed the minor child a guardian *ad litem* (GAL), attorney Joanna L. Challacombe, whose fees are the subject of this interlocutory appeal pursuant to Illinois Supreme Court Rule 304(b)(6) (eff. Mar. 8, 2016).

¶ 3    *Pro se* appellant Mr. Wells was not in court when the GAL's fee request was heard. The circuit court determined $7653 in fees were reasonable and necessary, in addition to the $1000 retainer paid by each party. The court assigned one-third of the fees to Ms. Kent and two-thirds to Mr. Wells. In a motion to vacate the default order, Mr. Wells contended he had been away from home and was not aware of the GAL's motion until after it had been granted. Ms. Challacombe responded that she notified the parents by email. Mr. Wells replied that he had submitted a certification for exemption from e-filing, due to a lack of home computer or Internet access, and that he did not provide an email address of record. The record on appeal includes numerous certifications for exemption from e-filing. The circuit court denied the motion to vacate. Both parents filed motions to reconsider, which the court also denied. This appeal followed.

¶ 4    Neither Ms. Kent nor Ms. Challacombe has filed a response to Mr. Wells's appeal. While we can decide the merits of an appeal without an appellee brief when the record and issues are simple, *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495  (1976), we will not do so in this case because we lack appellate jurisdiction.

¶ 5    A reviewing court has a duty to consider, *sua sponte*, its jurisdiction and to dismiss an appeal if jurisdiction is lacking. *In re Marriage of Link*, 362 Ill. App. 3d 191, 192, 839 N.E.2d 678, 680 (2005). The order appealed from is not one contemplated by Rule 304(b)(6), which Wells asserts is the basis of our jurisdiction.

¶ 6    With certain exceptions, appeals from judgments of the circuit court are limited to final judgments. *In re Marriage of Fatkin*, 2019 IL 123602, ¶ 26, 129 N.E.3d 1230; *see* Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). To be a final judgment, a judgment must dispose of or terminate the litigation or some definite part of it. *In re Adoption of Ginnell*, 316 Ill. App. 3d 789, 793, 737

N.E.2d 789, 793 (2000). If the circuit court has retained jurisdiction for the future determination of matters of substantial controversy, then an order is not final. *Grinnell*, 316 Ill. App. 3d at 793.

¶ 7    Rule 304(b)(6) provides one of the exceptions, by authorizing an interlocutory appeal from a "custody or allocation of parental responsibilities judgment or modification of such judgment entered pursuant to the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/101 *et seq*.) or Illinois Parentage Act of 2015 (750 ILCS 46/101)." Ill. S. Ct. R. 304(b)(6) (eff. Mar. 8, 2016).

¶ 8    The rule's terms "custody" and "parental responsibilities" do not encompass the issue of attorney fees. In the explanatory comments to Rule 304, the Committee that drafted the rule said:

>   "[Subparagraph (b)(6) has been created to provide that] a child custody judgment, even when it is entered prior to the resolution of other matters involved in the dissolution [of marriage] proceeding such as property distribution and support, shall be treated as a distinct claim and shall be appealable without a special finding. A custody judgment entered pursuant to section 14 of the Illinois Parentage Act of 1984 shall also be appealable without a special finding. The goal of this amendment is to promote stability for affected families by providing a means to obtain swifter resolution of child custody matters." Ill. S. Ct. R. 304, Committee Comments (eff. Feb. 26, 2010).

¶ 9    Thus, the rule at issue was initially limited to child custody orders only. "Custody" refers to provision of care, control, and maintenance of a child pursuant to a court order. *Dep't of Healthcare & Family Services v. Arevalo*, 2016 IL App (2d) 150504, ¶ 30, 68 N.E.3d 552.

¶ 10   Subsequently, the Special Supreme Court Committee on Child Custody Issues said that "[t]he rules [will now] utilize both 'custody' and 'allocation of parental responsibilities' in recognition that some legislative enactments covered by the rules utilize the term 'custody' while

the Illinois Marriage and Dissolution of Marriage Act and the Illinois Parentage Act of 2015 utilize the term 'allocation of parental responsibilities.' " Ill. S. Ct. R. 304(b)(6), Committee Comments (eff. Mar. 8, 2016). Section 600(d) of the Marriage and Dissolution of Marriage Act, "defines 'parental responsibilities' as 'both parenting time and significant decision-making responsibilities with respect to a child.' *Fatkin*, 2019 IL 123602, ¶ 29, 129 N.E.3d 1230 (*quoting* 750 ILCS 5/600(d) (West 2016)).

¶ 11     Thus, the rule authorizes interlocutory appeal of a court's determinations regarding custody of a child, parenting time, or significant decision-making responsibilities regarding a child. This is a limited scope which we do not read to authorize interlocutory appeal of an order regarding a GAL's attorney fees.

¶ 12     Because the order at issue does not reference custody, allocate parental responsibilities by addressing parenting time or significant decision-making responsibilities regarding the parties' minor child, the order is not appealable on an interlocutory basis. Accordingly, we find we lack jurisdiction to address the merits of Mr. Wells's appellate arguments and we dismiss the appeal. We note that Mr. Wells's premature appeal does not prevent either party from addressing the issue of the GAL's fees in a subsequent, timely-filed appeal from a final judgment.

¶ 13     Appeal dismissed.