(No. 56868.—

*In re* MARRIAGE OF FRANCINE LEOPANDO, Appellee, and OLIVO LEOPANDO, Appellant.

*Opinion filed April 22, 1983.*

Feiwell, Galper, Lasky, Ltd., of Chicago, for appellant.

Gregory P. Turza, of Chicago, for appellee.

JUSTICE MORAN delivered the opinion of the court:

On December 9, 1981, the circuit court of Cook County entered an order dissolving the marriage of plaintiff, Francine Leopando, to defendant, Olivo Leopando. On December 15, 1981, the court awarded permanent custody of the parties' minor child, Philippe, to defendant. The custody order stated "that there is no just reason to delay enforcement or appeal of this Order" and reserved for future consideration the issues of maintenance, property division, and attorney fees. The appellate court reversed and remanded the cause, concluding that the order awarding custody to defendant was contrary to the manifest weight of the evidence. (106 Ill. App. 3d 444.) We granted defendant leave to appeal.

Two issues are raised for review: (1) whether the custody order was final and appealable under Supreme Court Rule 304(a), and (2) whether the trial court's decision awarding custody to defendant was contrary to the manifest weight of the evidence.

Supreme Court Rule 304(a) provides, in part:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal.*** In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties."

73 Ill. 2d R. 304(a).

Defendant questions the appealability of the custody order under the above-quoted rule. Plaintiff answers by stating that this issue was not raised in the appellate court, and our review of the briefs filed in that court substantiates plaintiff's claim. Consequently, under the authority of this court's recent decision in *In re Marriage of Cohn* (1982), 93 Ill. 2d 190, the issue could be considered waived.

In *Cohn* it was held that, under the former language of section 401(3) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 401(3)), trial courts could not enter an order dissolving the marriage while reserving questions of support, maintenance, custody and property disposition for future consideration. Although determining that the provisions of section 401(3) were mandatory, this court implicitly found that they did not present a jurisdictional requirement. Therefore, in the absence of an objection to the order, and where the issue was not raised on review, it was deemed to have been waived.

Similarly, Rule 304(a) does not present a jurisdictional requirement in the sense that it cannot be waived. The question arising under our rule concerns the right to appeal a judgment and not whether the judgment entered in the trial court is proper. We would therefore be justified in declining to consider the issue of whether the custody order was final and appealable. However, a review of recent case law involving the effect of Rule 304(a) on the appealability of dissolution orders convinces us that the issue should be addressed.

It seems clear that the law at the time of the instant appeal implied that custody orders, containing the requisite Rule 304(a) language by the trial court, were immediately appealable. (See, *e.g., Atkinson v. Atkinson* (1981), 87 Ill. 2d 174; *In re Marriage of Cohn* (1981), 94 Ill. App. 3d 732; *In re Marriage of Nilsson* (1980), 81 Ill. App. 3d 580.) For example, in *Atkinson*, the trial court awarded custody of the parties' children to the mother, and reserved the questions

of support, property division, and assessment of fees and costs. The order did not contain the Rule 304(a) language that there is no just reason to delay enforcement or appeal. In holding that the custody order was not appealable, this court stated:

"Under Supreme Court Rule 304(a) (73 Ill. 2d R. 304(a)), where multiple claims for relief are involved in an action, an appeal from a final judgment as to less than all of the claims may only be taken if the trial court has made an express written finding that there is 'no just reason for delaying enforcement or appeal.' No such finding was made here. Thus, the custody order was not a judgment from which an immediate appeal could be taken." 87 Ill. 2d 174, 177.

A fair reading of *Atkinson* indicates that a custody order is a final judgment as to less than all of the claims in a dissolution proceeding. Implicitly, the only reason the order was deemed nonappealable was the trial court's failure to recite the requisite Rule 304(a) language. For a number of reasons, we do not believe that a custody order constitutes a final judgment as to a separate claim in a dissolution proceeding.

Subsequent to the appeal taken herein, this court amended Supreme Court Rule 306, which amendment became effective on July 1, 1982. Rule 306(a)(1) provides, in part:

"An appeal may be taken in the following cases only on the allowance by the Appellate Court of a petition for leave to appeal:

* * *

(v) from interlocutory orders affecting the care and custody of unemancipated minors, if the appeal of such orders is not otherwise *specifically* provided for elsewhere in these rules." (Emphasis added.) (87 Ill. 2d R. 306(a)(1)(v).)

The language of this provision specifically indicates that a custody order is an interlocutory order. Indeed, if such orders were final, for purposes of Rule 304(a), there would be no need for Rule 306(a)(1)(v).

A further reason counseling against the appealability of a custody order pursuant to Rule 304(a) is that it does not constitute a separate "claim" in a dissolution proceeding. A petition for dissolution advances a single claim; that is, a request for an order dissolving the parties' marriage. The numerous other issues involved, such as custody, property disposition, and support are merely questions which are *ancillary* to the cause of action. (See *In re Marriage of Lentz* (1980), 79 Ill. 2d 400, 409 (Ward, J., concurring).) They do not represent separate, unrelated claims; rather, they are separate issues relating to the *same* claim. In fact, it is difficult to conceive of a situation in which the issues are more interrelated than those involved in a dissolution proceeding. Should the trial court decline to grant the petition for dissolution, no final relief may be obtained relevant to the other issues involved. On the other hand, where a dissolution of marriage is granted, a determination as to which party receives custody will necessarily affect how much, if any, support and maintenance are paid. Practically speaking, then, until all of the ancillary issues are resolved, the petition for dissolution is not fully adjudicated. See *Davis v. Childers* (1965), 33 Ill. 2d 297 (Rule 304(a) does not authorize an appeal from an action involving a single claim in which fewer than all the issues have been resolved).

This result is further compelled by the policy consideration upon which Rule 304(a) is based. As this court noted in *In re Marriage of Lentz* (1980), 79 Ill. 2d 400, 407:

> "The provisions of our rule were aimed at discouraging piecemeal appeals in the absence of some compelling reason and at removing the uncertainty as to the appealability of a judgment which was entered on less than all of the matters in controversy. See *Getzelman v. Koehler* (1958), 14 Ill. 2d 396, 400; *Davis v. Childers* (1965), 33 Ill. 2d 297, 300."

(See also *Atkinson v. Atkinson* (1981), 87 Ill. 2d 174, 177.) To interpret Rule 304(a) as plaintiff suggests would allow a party, upon obtaining the trial court's special finding, to file

separate appeals from adverse judgments as to each issue involved in a dissolution proceeding. Our rule was not intended to promote such unnecessary piecemeal . litigation arising out of the same proceeding.

Similarly policy considerations were involved in *In re Marriage of Cohn* (1982), 93 Ill. 2d 190. Quoting the historical and practice notes to section 401(3) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Ann. Stat., ch. 40, par. 401(3), Historical and Practice Notes, at 105 (Smith-Hurd (1980)), this court noted that the provision "encourages the court to decide *all matters incident to the dissolution in a single judgment,* to the fullest extent of its authority, in order to achieve finality, promote judicial economy, and avoid multiple litigations and complications which can result from the entry of partial judgments, particularly judgments which dissolve the marriage but 'reserve' remaining issues for later determination." (Emphasis added.) (93 Ill. 2d 190, 197-98.) The sound policy of resolving all matters incident to dissolution in a single judgment should not be circumvented by the mere inclusion of Rule 304(a) language.

For all of the above reasons, we hold that issues raised in a dissolution-of-marriage case are not separate claims and therefore not appealable under Rule 304(a). Nevertheless, because prior case law has indicated otherwise, we do not believe it appropriate to dismiss the appeal in the instant case. In the future, Rule 306(a)(1)(v) is the proper vehicle by which a party may seek appellate review of an interlocutory custody order.

The final issue concerns the propriety of the trial court's order awarding custody of the minor child to defendant. The appellate court cited numerous facts in support of its conclusion that the trial court's decision was against the manifest weight of the evidence. It would only prolong this opinion to restate the same facts here. We have reviewed the record and find ample support for the appellate court's conclusion that the custody order was contrary to the best interests of

the minor.

Accordingly, for the reasons stated herein, the judgment of the appellate court is affirmed, and the cause remanded to the circuit court of Cook County.

*Affirmed and remanded.*

JUSTICE SIMON, specially concurring:

I concur in the portion of the majority's opinion which discusses the merits of the custody order. It was proper to award custody of the minor child to his mother instead of to his father and I find no fault with the conclusion which appears in the next to the last paragraph of the majority opinion. However, I believe that the circuitous route the majority follows in deciding whether the circuit court's custody order was appealable leads to an undesirable precedent.

The majority concludes that Francine Leopando, the mother, could not appeal, under Supreme Court Rule 304(a) (73 Ill. 2d R. 304(a)), the permanent custody order entered in this case and granting custody to the father. However, instead of dismissing the appeal, the court proceeds to consider the merits of the controversy over custody because previous cases have held custody orders were appealable under Rule 304(a) and also because the defendant did not question in the appellate court whether the custody order was appealable. I would hold that the permanent custody order was appealable under Rule 304(a) whether or not the defendant raised the question of its appealability. Because I agree with the court's ultimate disposition of the case I specially concur in the judgment.

Supreme Court Rule 304(a) provides in part:

"If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal." 73 Ill. 2d R. 304(a).

The permanent custody order in this case was a "final

judgment." A final order under Rule 304(a) is one that terminates the merits of a particular claim such that the trial court has only to proceed with execution of its order. (*In re Marriage of Nilsson* (1980), 81 Ill. App. 3d 580, 584; *Pettit v. Pettit* (1978), 60 Ill. App. 3d 375, 378.) The permanent award of custody to the father gave the father the exclusive right to custody and control of the child and in fact reversed the prior award of temporary custody to the mother. After the trial court entered the permanent award, all that remained of that claim was to enforce it. Although other issues remained extant in the dissolution proceedings, the custody order became an appealable order when the trial court, pursuant to the provisions of Rule 304(a), expressly found that there was no just reason to delay appeal or enforcement of the order.

The majority, however, contends that the request for a custody determination is not a separate "claim" in the dissolution proceeding and thus cannot give rise to a separate appeal under Rule 304(a). The provisions of the Illinois Marriage and Dissolution of Marriage Act relating to custody matters refute this contention, for they treat the custody issue as independent and separate from any other issues in the dissolution proceeding. Section 602(a) of the Act provides that "[t]he court shall determine custody in accordance with the best interest of the child." (Ill. Rev. Stat. 1981, ch. 40, par. 602(a).) That provision creates a reviewable standard for resolving custody matters that is completely independent from other issues in the dissolution proceeding. In fact, section 603(b) of the Act specifically states that the custody proceeding may continue and a custody award may be entered *even if the dissolution proceeding is dismissed,* provided that "the circumstances of the parents and the best interest of the child requires that a custody judgment be issued." (Ill. Rev. Stat. 1981, ch. 40, par. 603(b).) Thus, these two sections of the Act recognize that a custody contest is an independent claim in the dissolution proceeding, and I

would recognize it as such by holding that it may give rise to a final and appealable order when the trial judge makes the finding required by Rule 304(a).

*In re Marriage of Cohn* (1982), 93 Ill. 2d 190, is not inconsistent with my interpretation of Rule 304(a). *Cohn* held that section 401(3) of the Act prior to its August 14, 1981, amendment (Ill. Rev. Stat. 1977, ch. 40, par. 401(3)) denied the circuit court jurisdiction to enter a final judgment of dissolution before resolving collateral issues in the dissolution proceeding such as child custody and property settlement. The present case involves the reverse situation: whether the trial court can enter a final and appealable judgment on permanent child custody before entering a final judgment of dissolution. Nothing in *Cohn* compels that we find both practices impermissible.

The majority fails to observe that the language of section 401(3) of the Act prior to its August 14, 1981, amendment expressly prohibited the practice involved in *Cohn*, but it does not expressly prohibit the entry of orders pertaining to permanent custody of minor children before entry of the dissolution order. Although, as the majority notes, the policy of section 401(3) is to promote the comprehensive resolution of all matters relating to a dissolution proceeding in a single judgment, I believe that our Rule 304(a) is consistent with this policy, while at the same time it recognizes that other important policies may in some cases militate in favor of the immediate appeal of one of the claims involved in a larger dispute.

Rule 304(a) prevents the appeal of a final judgment that does not dispose of all the claims in an action unless and until the circuit court judge finds that there is no just reason to delay appeal. This requirement is "aimed at discouraging piecemeal appeals *in the absence of some compelling reason.*" (Emphasis added.) (*In re Marriage of Lentz* (1980), 79 Ill. 2d 400, 407.) What the majority overlooks is that in many cases there are compelling reasons for the prompt ap-

peal of final judgments deciding who will have permanent custody of a child. Here, for example, the circuit court's order of permanent custody reversed the prior award of temporary custody to the mother. Under such circumstances how do we accomplish justice by relying on overly technical interpretations of our rules with the result that a prompt and final appellate resolution of permanent custody orders by the appellate courts may be thwarted even though a circuit court judge has expressly found that there is no just reason to delay enforcement and appeal? As the majority admits, prior cases supported the immediate appealability of such orders under Rule 304(a) (*e.g., Atkinson v. Atkinson* (1981), 87 Ill. 2d 174; *In re Marriage of Cohn* (1981), 94 Ill. App. 3d 732; *In re Marriage of Nilsson* (1980), 81 Ill. App. 3d 580). Those cases make good sense, and I would follow them here and retain the viability of the procedure they allow.

The majority views Rule 306(a)(1)(v) as a substitute for Rule 304(a) in custody matters. I view it as a supplement to Rule 304(a) when that rule is not applicable because the order involves temporary custody rather than permanent custody or the order involves permanent custody but the trial judge fails to make the written finding contemplated by Rule 304(a). Under Rule 306(a)(1)(v), the parties may appeal from "interlocutory orders affecting the care and custody of unemancipated minors." (87 Ill. 2d R. 306(a)(1)(v) (amended eff. July 1, 1982).) This rule recognizes that in many cases it is extremely important that a final resolution of custody issues occur promptly in our appellate courts. Rule 306(a)(1)(v) permits the parties to appeal, with leave of the appellate court, temporary custody orders and permanent custody orders where the circuit court has refused or neglected to make the express finding that there is no reason to delay enforcement or appeal. Such permanent custody orders are "interlocutory" in the sense that, in the absence of such a finding, the order "is not enforceable or appealable and is

subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." 87 Ill. 2d R. 304(a).

It was not my understanding when we adopted Rule 306(a)(1)(v), effective on July 1, 1982, that it was rendering *Atkinson* obsolete and eliminating Rule 304(a) as a vehicle for resolving permanent custody disputes. My recollection is that we designed Rule 306(a)(1)(v) to handle the situation where the trial judge refused to make the finding which would make a custody order appealable under Rule 304(a). In many such instances the aggrieved party would file an original *mandamus* action in our court seeking an order directing the trial judge to enter such a finding. It was to relieve this court of such *mandamus* proceedings and to have the appellate court instead make the decision in such instances that Rule 306(a)(1)(v) was adopted. It was not intended to replace or cut off other avenues of appeal under our rules. In fact, Rule 306(a)(1)(v) provides it is only applicable "if the appeal of such orders is not otherwise specifically provided for elsewhere in these rules."

The problem with relying solely on Rule 306(a)(1)(v) as an avenue of appeal of custody orders is that the appellate court can refuse to take the appeal, leaving the final determination of permanent custody in limbo. It seems to me that resolution of permanent custody is of extreme importance to the welfare of the minor. Only in that way can we assure that the minor will not be bounced around between the mother and father, a possibility not foreclosed by the procedure favored by the majority. If the trial judge certifies that the question of permanent custody should receive the immediate attention of our reviewing courts by making the finding required by Rule 304(a), what is accomplished by the majority's view of proper procedure which could leave the question of custody indefinitely unresolved while the parties haggle over property settlements and other issues in the dissolution proceeding? I do not consider this to be in the best

interest of minor children, and that is why I disagree with the majority's approach.

For all these reasons I would hold that the permanent custody order entered in this case was appealable under Rule 304(a) because the circuit court judge expressly found that there was no just reason to delay enforcement or appeal. Inasmuch as the majority reaches the merits of the custody order, even though it decided that the order was not appealable, and because I agree with the majority's treatment of the merits, I concur in the court's judgment affirming the judgment of the appellate court. I disagree with the majority's reasoning because in many cases it could prevent the parties from settling questions of custody expeditiously, with resulting detriment to minor children.