*In re* MARRIAGE OF MART L. COVINGTON, Petitioner-Appellant, and ROSE COVINGTON, Respondent-Appellee.

Third District   No. 3—87—0236

Opinion filed December 24, 1987.

Adrienne W. Albrecht, of Sacks & Albrecht, of Kankakee, for appellant.

Louis Bigott, of Kankakee, for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

The petitioner husband, Mart L. Covington, sought dissolution of his marriage to the respondent wife, Rose Covington. The husband appeals from an order in the dissolution proceeding. We dismiss the appeal.

After a hearing, the court found grounds for dissolution. After a continuance, the court heard the parties' testimony on maintenance, the minor child, and property. The parties stated agreement on child custody and support, maintenance, and asset distribution. In a docket entry, the court noted its approval of the parties' agreement "as to the assets." The court continued the cause to consider the issue of marital debts. In a later docket entry, the court made findings on the parties' debts. No document memorializing the terms of the settlement or of the dissolution was entered.

Approximately two months after the court's docket entry on debts, the wife moved to vacate the prior approval of the assets settlement. The husband moved to dismiss the wife's motion. The court granted the wife's motion to vacate and ordered the matter reopened "for purposes of property."

The husband brought the instant appeal from the court's order which both denied dismissal of the wife's motion and reopened the cause on property issues. He argues that this court has jurisdiction because the appeal is taken from the court's grant of relief under section 2—1401 of the Code of Civil Procedure (the Code) (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401). The argument is without merit.

Section 2—1401(a) of the Code provides a mechanism whereby a trial court may grant "[r]elief from final orders and judgments." (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401(a).) With some similarity, Su-

preme Court Rule 301 generally provides that this court has jurisdiction over a timely appeal from entry of a final judgment. 107 Ill. 2d R. 301.

■■ ■ An order may be classified as final when it terminates the litigation on the merits of the case, either so that if affirmed, the trial court only has to proceed with execution of the judgment (*Schwind v. Mattson* (1974), 17 Ill. App. 3d 182, 307 N.E.2d 673), or so that there remains no doubt that it was a final judgment (*Robertson v. Robertson* (1984), 123 Ill. App. 3d 323, 462 N.E.2d 712). In general, a petition for dissolution is not fully adjudicated until all of the issues, *i.e.*, grounds, child custody and support, maintenance, and property, are resolved. *In re Marriage of Leopando* (1983), 96 Ill. 2d 114, 449 N.E.2d 137.

In the instant case there has never been a final judgment to support either a section 2—1401 petition or an appeal. The court's docket entries, which the husband would class as a final order of dissolution, are no such final order. They set out no specific terms except on the distribution of the parties' debts. They do not factually set forth the parties' agreement on their assets. They do not even refer to issues of the minor child or maintenance. They are entirely incomplete, without reference to the proceedings at the property distribution hearing. Further, even with reference to the disagreement-affected hearing, the entries are plagued with ambiguity and uncertainty. Given neither a memorialization of the parties' settlement agreement nor a memorialization of the full terms of the dissolution, the issues were not clearly resolved and execution was not fully possible.

We note that although the court did not require on the record that the parties prepare a written order of dissolution (see 107 Ill. 2d R. 272), neither is there evidence that the parties agreed not to set out the terms of their agreement in writing (see Ill. Rev. Stat. 1985, ch. 40, par. 502(d)). The parties apparently contemplated such an order. Although no such order was filed, the record reveals that the husband prepared such an order and presented it to the wife, who apparently approved.

■■ As motions under section 2—1401 may be taken only from final judgments or orders, and as the court's docket entries do not constitute a final judgment or order, the wife's motion to partially vacate those entries was not a motion under section 2—1401. Thus, the court's disposition of the wife's motion is not appealable as a disposition of a section 2—1401 petition. (See 107 Ill. 2d R. 304(b)(3).) Further, the court's disposition of the wife's motion clearly did not terminate the litigation so that our affirmance would enable execution of

the dissolution. Rather, under the order critical issues have been reopened for resolution.

Based on the foregoing, we find no appealable order and dismiss the appeal.

Appeal dismissed.

HEIPLE and SCOTT, JJ., concur.