*In re* MARRIAGE OF HARRIET E. THOMAS, Petitioner-Appellee, and MICHAEL THOMAS, Respondent-Appellant.

Third District No. 3—90—0671

Opinion filed May 22, 1991.

Walter D. Braud and Duane Thompson, both of Braud/Warner, Ltd., of Rock Island, for appellant.

H. Reed Doughty, of Nagle, Harris, Cook, Payson & Doughty, of Davenport, Iowa, for appellee.

JUSTICE McCUSKEY delivered the opinion of the court:

The trial court entered a judgment dissolving the marriage of the petitioner, Harriet E. Thomas, and the respondent, Michael Thomas. The court also entered an order dividing the parties' property between them. Michael appeals the court's division of the property. We find that we do not have jurisdiction to consider this appeal and therefore dismiss it.

The only facts necessary for our determination are these: the trial court failed to dispose of two pieces of property, a building located at 513 East Dover Court, Davenport, Iowa, and a residential duplex located in Galesburg, Illinois.

■ Initially, we note that neither of the parties has raised the issue of jurisdiction in this appeal. However, an appellate court has a duty to consider its own jurisdiction whether or not the issue was raised by the parties. *In re Estate of Chlebos* (1990), 194 Ill. App. 3d 46, 550 N.E.2d 1069.

■ Supreme Court Rule 301 (134 Ill. 2d R. 301) generally provides that this court has jurisdiction over a timely appeal from a final judgment. An order will be classified as final when it terminates the litigation on the merits of the case so that, if affirmed, the trial court has only to proceed with execution of the judgment (*Schwind v. Mattson* (1974), 17 Ill. App. 3d 182, 307 N.E.2d 673).

■ In general, a petition for dissolution is not fully adjudicated until all of the issues, *i.e.*, grounds, child custody, child support, maintenance, and property distribution, are resolved. *In re Marriage of Leopando* (1983), 96 Ill. 2d 114, 449 N.E.2d 137.

■ In the instant case there has never been a final judgment to support an appeal. The trial court simply failed to dispose of all the property in its order. As such, the court's order was not final and appealable. (See *King v. King* (1985), 130 Ill. App. 3d 642, 474 N.E.2d

834.) We note in so finding that none of the supreme court rules providing for interlocutory appeals is applicable here.

Finally, we note the parties acknowledge in their briefs the trial court failed to dispose of two pieces of property. No doubt each of them became aware of this circumstance following receipt of the trial court's order. The proper procedure at that point would have been to bring this to the trial court's attention in a motion to reconsider. This would have provided the trial court the opportunity to correct the matter and saved both this court and the parties valuable time.

Based on the foregoing, we find no appealable order and dismiss the appeal.

Appeal dismissed.

HAASE and GORMAN, JJ., concur.