No. 2--06--0401                           filed: 1/5/07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| In re MARRIAGE OF DAWN S. MARDJETKO, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Petitioner-Appellee, | ) ) | |
| and | ) ) | No. 04--D--1157 |
| FRANK J. MARDJETKO, | ) ) ) | Honorable Robert B. Spence, |
| Respondent-Appellant. | ) | Judge, Presiding. |

JUSTICE CALLUM delivered the opinion of the court:

Frank J. Mardjetko, respondent in an action for dissolution of marriage, appeals from the trial court's denial of his motion to vacate a default judgment against him and from the underlying judgment. Because when the court entered the default judgment it reserved fundamental issues, including support and visitation, the judgment was not final. We therefore lack jurisdiction to consider this appeal and so dismiss it.

Dawn S. Mardjetko, petitioner, filed her petition for dissolution of marriage on August 17, 2004. Respondent answered on September 13, 2004, denying the existence of irreconcilable differences between the parties. On October 12, 2005, the court granted respondent's attorney leave to withdraw and gave respondent 21 days to appear pro se or retain new counsel. On November 3, 2005, petitioner filed a motion for default judgment, setting a hearing date of November 16, 2005. The basis was that respondent had not filed a substitute appearance within the allowed time. The

court granted the motion and set a prove-up date of December 13, 2005. That day, it entered a judgment of dissolution, divided the marital property, granted sole custody of the children to petitioner, set child support of $1,306.95 a month, and barred respondent from receiving maintenance. However, it "reserved" the issues of visitation, the children's post-high-school educational expenses, and petitioner's maintenance. It did not make any findings about why this reservation was appropriate.

On January 12, 2006, respondent moved to vacate the judgment. The court denied the motion on March 14, 2006. Respondent filed a notice of appeal on April 13, 2006.

The reservation of issues here deprives us of jurisdiction over this appeal. Although neither of the parties to this appeal has raised the issue of our jurisdiction, we have a duty to consider sua sponte whether we have jurisdiction and to dismiss the appeal if we lack jurisdiction. In re Marriage of Link, 362 Ill. App. 3d 191, 192 (2005). This appeal purports to be taken under Supreme Court Rule 301 (155 Ill. 2d R. 301), concerning appeals from final judgments. In In re Marriage of Leopando, 96 Ill. 2d 114, 118-20 (1983), the supreme court held that the basic issues that a court must resolve in a dissolution proceeding are all a part of a single, unified claim. Orders resolving individual issues are not appealable (even with a finding purporting to confer appealability under Supreme Court Rule 304(a) (210 Ill. 2d R. 304(a)) until the court resolves the entire dissolution claim. Leopando, 96 Ill. 2d at 119. The trial court here did not resolve issues including maintenance and visitation and so did not resolve the entire dissolution claim. Therefore, the order here was not final, and we lack jurisdiction over the appeal.

That the court entered a judgment of dissolution, bifurcating the judgment, does not alter this result. In In re Marriage of Bogan, 116 Ill. 2d 72, 75-76 (1986), the supreme court, reversing an

appellate court holding based on <u>Leopando</u>, held that an order bifurcating a judgment is appealable with a Rule 304(a) finding, but that only the propriety of the bifurcation is reviewable. The most natural reading of <u>Bogan</u> is that it holds that the propriety of a bifurcation is the <u>only</u> issue reviewable before the trial court decides all issues. In <u>In re Marriage of Kenik</u>, 181 Ill. App. 3d 266, 270 (1989), a First District panel interpreted <u>Bogan</u> precisely this way. Thus, even had respondent attempted to appeal the bifurcation, we would have to dismiss the appeal because he did not obtain a Rule 304(a) finding.

The above is sufficient to explain why the order here is not appealable. However, we think further comment on issues being "reserved" may be useful, given problems that regularly arise with that term. "Illinois law encourages resolution of all issues ancillary to dissolution, as well as dissolution itself, in a single proceeding, for reasons of certainty, financial security [citations], and judicial economy." <u>Kenik</u>, 181 Ill. App. 3d at 275. A court may reserve issues for later resolution in limited circumstances only; section 401(b) of the Illinois Marriage and Dissolution of Marriage Act (Act) provides:

> "Judgment shall not be entered unless, to the extent it has jurisdiction to do so, the court has considered, approved, reserved or made provision for child custody, the support of any child of the marriage entitled to support, the maintenance of either spouse and the disposition of property. The court may enter a judgment for dissolution that reserves any of these issues either upon (i) agreement of the parties, or (ii) motion of either party and a finding by the court that appropriate circumstances exist." 750 ILCS 5/401(b) (West 2004).

If the court does reserve issues, the result is a bifurcated judgment (see, <u>e.g.</u>, <u>Kenik</u>, 181 Ill. App. 3d at 270) with the consequences for appealability we have described.

We recognize that trial courts sometimes describe issues as being "reserved" when, in fact, the court has <u>decided</u> the issue (usually based on circumstances it expects to be temporary), but intends to revisit the issue soon. Such a use of the word "reserved" nearly guarantees confusion. The Act uses the word "reserves" specifically for instances where the court is bifurcating judgment. Where it is unmistakable that a trial court is using the word in a sense that does not defeat the finality of the judgment, we will not frustrate that intent by adhering to the meaning of "reserves" in the Act. Here, however, neither the order for dissolution nor the transcript of the prove-up hearing shows that the court had in fact made a decision about "reserved" issues. We therefore take the word to have the meaning given it by the Act.

For the reasons we have stated, we lack jurisdiction over this appeal and so dismiss it.

Appeal dismissed.

O'MALLEY and BYRNE, JJ., concur.