*In re* MARRIAGE OF THOMAS MACKIN, Petitioner-Appellee, and ROSEMARY MACKIN, Respondent-Appellant.

Fifth District   No. 5—08—0028

Opinion filed May 28, 2009.

Thomas J. Lech, of Collinsville, for appellant.

Frederick M. Steiger, of Steiger Law Offices, of Edwardsville, for appellee.

JUSTICE DONOVAN delivered the opinion of the court:
Rosemary Mackin, mother, appeals the division of certain property

and the denial of maintenance, following a judgment of dissolution of marriage, entered by the circuit court of Madison County.

On June 7, 2007, the court entered a judgment of dissolution dissolving the parties' marriage and granting custody of the children to Thomas Mackin, father. The remaining issues, including maintenance and the division of property, were reserved. On July 6, 2007, the court entered a supplemental judgment of dissolution that dealt with the issues of property division and maintenance. Mother filed a posttrial motion requesting the court to reconsider the issue of maintenance and the division of property. On December 19, 2007, the court entered an order denying the relief sought by mother in her posttrial motion. The remainder of the court's order addressed the issue of child support, which had not been addressed in the previous orders. Specifically, the order stated as follows:

"7. In light of the allocation of those marital assets of [mother] to a 503(g) Trust for the benefit of the children, the Court enters no order of child support to be paid by [mother] to [father] from the date of filing this action to the date of this order.

8. The court further orders that there will be no further order of child support for 180 days from the date of this order[ ] and that this matter shall be set for review after the expiration of 180 days for examination of the financial circumstances of [mother] and a determination by the Court at that time as to an appropriate amount of child support to be paid from that date forward by [mother] to [father] for the support of the parties' two minor children."

On January 16, 2008, mother filed a notice of appeal. On July 9, 2008, this court entered a jurisdictional show-cause order, which subsequently was taken with the case. We now address the issue of our jurisdiction.

Appellate courts have a duty to consider, *sua sponte*, whether we have jurisdiction over an appeal and to dismiss the appeal if jurisdiction is lacking. *In re Marriage of Mardjetko*, 369 Ill. App. 3d 934, 935, 861 N.E.2d 354, 355 (2007). A party cannot consent to or waive appellate jurisdiction. *Gaynor v. Burlington Northern & Santa Fe Ry.*, 322 Ill. App. 3d 288, 289, 750 N.E.2d 307, 308 (2001). While Supreme Court Rule 301 allows appeals from final judgments as a matter of right (155 Ill. 2d R. 301), a judgment is not final unless it determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment. *In re T.M.*, 302 Ill. App. 3d 33, 37, 706 N.E.2d 931, 934 (1998). When an order resolves less than all the claims brought by a party, the order is not final and appealable. *In re Marriage of Merrick*, 183 Ill. App. 3d 843, 845, 539

N.E.2d 868, 869 (1989). In dissolution proceedings, a petition for dissolution advances a single claim, and issues such as custody, maintenance, property division, child support, and attorney fees are ancillary issues relating to that claim. *In re Marriage of Leopando*, 96 Ill. 2d 114, 118-20, 449 N.E.2d 137, 139-40 (1983). Orders resolving individual ancillary issues are not appealable until the court resolves the entire dissolution claim. *In re Marriage of Leopando*, 96 Ill. 2d at 119, 449 N.E.2d at 140. Here, the issue of child support has not been resolved. While the court did not impose any other child support obligation on mother, other than the trust, from the date of the filing of the petition to the date of the order and 180 days past the date of the order, the court expressly reserved jurisdiction by stating that mother's future obligation for child support was to be determined at the expiration of those 180 days. The issue of child support is a matter of substantial controversy and is not merely incidental. In fact, the determination of a noncustodial parent's support obligation is integrally related to the determination of custody. *Shermach v. Brunory*, 333 Ill. App. 3d 313, 319, 775 N.E.2d 173, 179 (2002). Here, just as in *Shermach*, the matter of child support has only been partially determined by the trial court. See *Shermach*, 333 Ill. App. 3d at 320, 775 N.E.2d at 180. The court decided to wait 180 days to examine the financial circumstances of mother, at which time the court would then make a determination on an appropriate amount of child support to be paid by mother from that date forward for the support of the parties' children. Clearly the court did not resolve the issue of child support and therefore did not resolve the entire dissolution claim. Accordingly, the December 19, 2007, order was not final, and we lack jurisdiction over mother's appeal.

The parties argue that child support can be modified at any time pursuant to section 505(a) of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/505(a) (West 2006)) and that the effect of the court's order setting the matter of child support for review after 180 days is no different from when a parent motions for a modification of child support at some point after the initial order. We disagree. Under section 510 of the Act (750 ILCS 5/510 (West 2006)), a modification of child support is warranted only upon a showing of a substantial change in circumstances. *In re Marriage of Riegel*, 242 Ill. App. 3d 496, 498, 611 N.E.2d 21, 23 (1993). This is not the same situation. The court in this instance will set an amount of child support after the expiration of 180 days, whether or not mother's financial situation has changed. Again, we conclude that the court did not resolve the entire dissolution claim and that we lack jurisdiction to hear mother's appeal.

For the reasons stated above, we dismiss this appeal for a lack of jurisdiction.

Appeal dismissed.

GOLDENHERSH and SPOMER, JJ., concur.