# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *In re Marriage of Susman*, 2012 IL App (1st) 112068

---

| | |
|---|---|
| Appellate Court Caption | *In re* MARRIAGE OF ARTHUR T. SUSMAN, Petitioner-Appellant, and SHIRLEY SUSMAN, Respondent-Appellee. |
| District & No. | First District, Fourth Division<br>Docket No. 1-11-2068 |
| Filed | May 31, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Petitioner's appeal from the denial of his postjudgment motion to modify the judgment dissolving his marriage based on an alleged mutual mistake of fact regarding the tax consequences of a legal fee he earned prior to the dissolution was dismissed for lack of jurisdiction, since several issues remained pending and the dissolution judgment was not final and appealable. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 06-D-8652; the Hon. Lisa Ruble-Murphy, Judge, presiding. |
| Judgment | Appeal dismissed. |

Counsel on
Appeal

Melvyn H. Berks, of Deutsch, Levy & Engel, Chtrd., of Chicago, for appellant.

Howard H. Rosenfeld and Andrew J. Harger, both of Rosenfeld Hafron Shapiro & Farmer, of Chicago, for appellee.

Panel

PRESIDING JUSTICE LAVIN delivered the judgment of the court, with opinion.

Justices Fitzgerald Smith and Pucinski concurred in the judgment and opinion.

## OPINION

¶ 1    Following a dissolution of marriage judgment, which incorporated a marital settlement agreement (MSA), petitioner Arthur T. Susman filed a postjudgment motion claiming mutual mistake of fact with regard to tax consequences due on a fee earned prior to the dissolution judgment. Arthur now appeals from the denial of that motion. He contends, as he did below, that there was a mutual mistake of fact with respect to the 2009 tax consequences on a marital debt earned prior to the dissolution judgment and the trial court erred in refusing to conduct an evidentiary hearing in the matter. For reasons stated below, we conclude we lack jurisdiction and therefore cannot review the merits of Arthur's claim.

¶ 2                              PROCEDURAL BACKGROUND

¶ 3    Arthur, a practicing attorney in securities and class action litigation, filed a petition for dissolution of marriage from his wife, Shirley Susman. On October 30, 2009, the trial court entered a judgment for dissolution which incorporated the MSA. The MSA allocated the couple's marital estate, worth approximately $15 million, but reserved two issues for further consideration. First, under the "Tax and Miscellaneous Matters" section, although the parties agreed Arthur would be solely responsible for 2008 taxes, they reserved issues of responsibility, if any, relating to all joint state and federal income tax returns filed before 2008. Second, under the "Debts and Liabilities" section, the MSA reserved "for further consideration by the Court or agreement of the parties" the allocation of personal property consisting of, but not limited to, household furnishings, fixtures, jewelry, antiques, and collectibles.

¶ 4    The MSA provided that it supplemented the October 21 prove-up hearing. At the hearing, the parties verified reservation of the above-stated issues. With regard to the personal property, both parties acknowledged that they had yet to identify which items were marital

and nonmarital and yet to divide the marital portion. They agreed that any dispute regarding this property would be brought before the trial judge. With regard to taxes, Arthur testified that he did not want to be responsible if Shirley had "lied" on a prior return, and at that point, the parties decided to reserve the issue. The court agreed.

¶ 5 Five months later, on March 30, 2010, Arthur filed a "motion to modify the judgment" pursuant to both sections 2-1203 and 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1203, 2-1401 (West 2008)). Arthur alleged a mistake of fact existed with respect to the 2009 tax liabilities, which he claimed the MSA did not apportion. He argued he should not be solely responsible for the tax liabilities flowing from a $2.7 million legal fee he earned in 2009 that was part of the marital estate. He therefore requested that the parties apportion the tax liability 60/40 (with him paying 40%), consistent with their overall intent in dividing the entire marital estate.

¶ 6 In April 2010, the parties each filed motions to compel compliance with the MSA's provision that they inventory personal property.

¶ 7 Following responsive pleadings in both matters, on June 6, 2011, the court held a hearing. The same day, the court entered an order denying Arthur's motion to modify the judgment based on mistake of fact. The order also instructed the parties to inspect their personal property, and the court set a status hearing on that issue for June 30, 2011. The record does not contain any evidence that the personal property issue was ultimately disposed of or resolved.

¶ 8 On June 21, 2011, Arthur filed a motion to reconsider the denial of his motion to modify. The court denied the motion to reconsider on June 28, 2011, and Arthur appealed from that denial.

¶ 9 ANALYSIS

¶ 10 Arthur now challenges the denial of his motion to modify the judgment based on mistake of fact. We are unable to reach the merits of Arthur's claim because the reservation of issues deprives us of jurisdiction.

¶ 11 Although neither party raises the issue of our jurisdiction, we have a *sua sponte* duty to consider it and dismiss the appeal if jurisdiction is lacking. *In re Marriage of Mardjetko*, 369 Ill. App. 3d 934, 935 (2007).

¶ 12 We observe, initially, that Arthur has failed to include in his brief a statement of jurisdiction, as required by Illinois Supreme Court Rule 341(h)(4) (eff. July 1, 2008). Nevertheless, he clearly presumes this court has authority to take his appeal pursuant to Illinois Supreme Court Rules 301 (eff. Feb. 1, 1994) and 303 (eff. May 30, 2008), which provide for an appeal from the final judgment of a circuit court in a civil case. A judgment, however, is not final unless it determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment. *In re Marriage of Mackin*, 391 Ill. App. 3d 518, 519 (2009). When an order resolves less than all the claims brought by a party, the order is not final and appealable. *Id.* As set forth below, Arthur had no final judgment from which to appeal.

¶ 13    *In re Marriage of Leopando*, 96 Ill. 2d 114, 119 (1983), is dispositive. In *Leopando*, the supreme court held that a petition for dissolution advances a single claim, a request for dissolving the parties' marriage; the numerous other issues involved, including property disposition, are questions ancillary to the cause of action. The court determined that a dissolution judgment is not *final* for purposes of appeal until all the ancillary issues have been resolved. *Id.* Stated differently, generally only a judgment that does not reserve any issues for later determination is final and appealable. *In re Marriage of Capitani*, 368 Ill. App. 3d 486, 488 (2006); see also *Mardjetko*, 369 Ill. App. 3d at 936 (noting orders resolving individual issues are not appealable even with an Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010) finding purporting to confer appealability).

¶ 14    Since *Leopando*, courts have carved out narrow exceptions for finding dissolution of marriage orders final and appealable even though ancillary issues are reserved. The exceptions usually involve unique and compelling circumstances, where reserved issues cannot be easily resolved, or public policy concerns. See *In re Marriage of Meyer*, 146 Ill. App. 3d 83, 86 (1986) (and cases cited therein); see, *e.g.*, *In re Marriage of Toth*, 224 Ill. App. 3d 43, 48 (1991) (finding dissolution judgment final and appealable even though trial court reserved jurisdiction over disposition, if any, of wife's pending personal injury suit); *In re Marriage of Lord*, 125 Ill. App. 3d 1, 4-5 (1984) (finding same even though maintenance was reserved pending manifestation of debilitating disease); *In re Marriage of Parks*, 122 Ill. App. 3d 905, 908-09 (1984) (finding same even though ancillary issues were reserved, where personal jurisdiction over respondent was lacking).

¶ 15    Clearly, this was not such a case. Here, the trial court did not resolve allocation of the parties' personal property and pre-2008 tax liabilities. Because the parties could not fully agree what they would divide and how they would divide it, the court reserved the issues for further consideration, and the order was not enforceable in that specific regard. See *In re Marriage of Cohn*, 94 Ill. App. 3d 732, 738 (1981), *aff'd*, 93 Ill. 2d 190 (1982). The court thus entered what is known as a bifurcated judgment pursuant to section 401(b) of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/401(b) (West 2008)), which authorizes a court to reserve issues in a dissolution judgment for further consideration. See *In re Marriage of Kenik*, 181 Ill. App. 3d 266, 270, 275 (1989). Although the court's actions might have been statutorily authorized, they did not result in a final, appealable order for the purposes of conferring jurisdiction on this court. See *In re Marriage of Thomas*, 213 Ill. App. 3d 1073, 1074 (1991); *In re Marriage of Rosenow*, 123 Ill. App. 3d 546, 548 (1984). This lack of finality regarding the dissolution action is evident from the record inasmuch as the parties continued to litigate the division of personal property.

¶ 16    Because the dissolution judgment was not final and appealable, the order disposing of Arthur's motion to modify the judgment therefore cannot be considered "final." See *Mackin*, 391 Ill. App. 3d at 520; *Mardjetko*, 369 Ill. App. 3d at 936; *In re Marriage of Covington*, 164 Ill. App. 3d 86, 88 (1987). Arthur cannot seek to appeal an issue arising from the dissolution proceedings when others remain pending, and we must dismiss this appeal for lack of jurisdiction. The policy against avoiding piecemeal appeals compels the result in this case. See *Leopando*, 96 Ill. 2d at 119.

¶ 17    We note, finally, that the only issue this court could have considered in this case would

have been the propriety of the bifurcated judgment, but Arthur has not set forth such a claim. See *Mardjetko*, 369 Ill. App. 3d at 936; *Kenik*, 181 Ill. App. 3d at 270 (relying on *In re Marriage of Bogan*, 116 Ill. 2d 72, 76 (1986)).

¶ 18                                              CONCLUSION

¶ 19          Based on the foregoing, we dismiss this appeal.

¶ 20          Appeal dismissed.