2020 IL App (1st) 182211
No. 1-18-2211
June 22, 2020

FIRST DIVISION

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the Circuit Court |
| DIANA LYNN BARR CRECOS, | ) | Of Cook County. |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | No. 07 D 10902 |
| and | ) | |
| | ) | The Honorable |
| GREGORY CRECOS, | ) | Robert W. Johnson, |
| | ) | Judge Presiding. |
| Respondent-Appellant. | ) | |

JUSTICE WALKER delivered the judgment of the court, with opinion.
Presiding Justice Griffin and Justice Pierce concurred in the judgment and opinion.

**OPINION**

¶ 1     In the course of divorce proceedings from Gregory Crecos, Diana Barr Crecos filed a motion for an award of attorney fees incurred in two appeals. The trial court awarded Diana the requested fees and found no just reason to delay enforcement or appeal of the award. Gregory appealed, claiming that Diana had not substantially prevailed in the prior appeals because the appellate court's order left several issues unresolved, in need of retrial. We find that the need for further litigation of other issues pursuant to this court's remand makes the award of fees here an interim award under sections 508(a) and 501(c-1) of the Illinois Marriage

and Dissolution of Marriage Act (Act) (750 ILCS 5/508(a), 501(c-1) (West 2016)). We dismiss the appeal from the interlocutory order for lack of jurisdiction.

¶ 2                                            BACKGROUND

¶ 3        In 2007, Diana Barr Crecos petitioned to dissolve her marriage to Gregory Crecos. On December 24, 2009, Judge Reynolds entered a final judgment dissolving the marriage and allocating the marital property. Gregory appealed Judge Reynolds's decision, and this court affirmed the judgment. *In re Marriage of Crecos*, 2012 IL App (1st) 102158-U (*Crecos I*).

¶ 4        Both parties filed postdecree petitions. After denying a timely motion for substitution of judge, Judge Raul Vega entered a series of orders against Diana. Diana appealed, and this court vacated all of those orders, as well as all orders that followed from and depended on Judge Vega's orders. *In re Marriage of Crecos*, 2015 IL App (1st) 132756 (*Crecos II*). Our order vacating all of Judge Vega's orders left unresolved all issues addressed in Judge Vega's many orders.

¶ 5        In March 2016, Diana filed petitions under section 508(a) of the Act (750 ILCS 5/508(a) (West 2016)) for attorney fees incurred for the appeals in *Crecos I* and *Crecos II*.

¶ 6        On September 17, 2018, the trial court ordered Gregory to pay Diana's attorney $32,952.50 for the appeal in Crecos I and $89,465.50 for the appeal in Crecos II. The court added, "There is no just reason to delay enforcement or appeal of this order."

¶ 7        Gregory appealed on October 16, 2018, naming the September 17 order as the subject of the appeal.

¶ 8                                                    ANALYSIS

¶ 9            On appeal, Gregory contends that the trial court should not have awarded Diana all the fees she sought because she did not prevail on all issues. He argues, "[Diana] did not prevail at all because the theft-of-personal-property issue is still pending in the circuit court below, awaiting re-trial."

¶ 10           We asked the parties to submit briefs concerning our jurisdiction. Both parties assert that this court has jurisdiction to consider the appeal because the trial court did not enter an interim award of fees under section 501(c-1) of the Act (750 ILCS 5/501(c-1) (West 2018)); instead the court entered a final award of attorney fees under section 503(j) of the Act (750 ILCS 5/503(j) (West 2018)). We note that neither the motion for fees nor the court's order cited section 503(j) as the statute authorizing the award.

¶ 11           Section 508(a) of the Act provides:

               "(a) The court from time to time, after due notice and hearing, and after considering the financial resources of the parties, may order any party to pay a reasonable amount for his own or the other party's costs and attorney's fees. Interim attorney's fees and costs may be awarded from the opposing party, in a pre-judgment dissolution proceeding in accordance with subsection (c-1) of Section 501 and in any other proceeding under this subsection. At the conclusion of any pre-judgment dissolution proceeding under this subsection, contribution to attorney's fees and costs may be awarded from the opposing party in accordance

with subsection (j) of Section 503 and in any other proceeding under this subsection. *** Awards may be made in connection with ***

\* \* \*

*** [t]he prosecution of any claim on appeal (if the prosecuting party has substantially prevailed)." 750 ILCS 5/508(a)(3.1) (West 2018).

¶ 12      Section 503(j) provides that, "[a]fter proofs have closed in the final hearing on all other issues between the parties ***, a party's petition for contribution to fees and costs incurred in the proceeding shall be heard and decided." 750 ILCS 5/503(j) (West 2018).

¶ 13      The parties argue that Section 501(c-1) does not apply because the appeals involve post-decree petitions. However, "[s]ection 501(c-1) applies to both predissolution and postdissolution decree proceedings." *In re Marriage of Oleksy*, 337 Ill. App. 3d 946, 950 (2003). Section 503(j) on its face applies only when the court has resolved "all *** issues between the parties" other than the award of attorney fees. 750 ILCS 5/503(j) (West 2018). The parties admit that the court has not yet resolved some issues in the case, particularly Gregory's claim that Diana took his personal property. Because issues remain pending, the trial court may reconsider its initial allocation of attorney fees, and provide for an assessment of further attorney fees in connection with the pending issues, in its final judgment. See *In re Marriage of Arjmand*, 2017 IL App (2d) 160631, ¶ 20.

¶ 14      Section 501 of the Act defines "interim attorney fees and costs" as "attorney's fees and costs assessed from time to time while a case is pending, in favor of the petitioning party's current counsel." 750 ILCS 5/501(c-1) (West 2018). Because the case is still pending, awaiting

retrial on issues Gregory raised, the order of September 17, 2018, awards amounts that meet the statutory definition of "interim attorney fees."

¶ 15    Interim awards of attorney fees are temporary in nature, and they are subject to adjustment (including, if necessary, the disgorgement of overpayments to an attorney) at the close of the dissolution proceeding. *Arjmand*, 2017 IL App (2d) 160631, ¶ 20.

> "[T]he legislature intended the remedy for any error in the granting of interim attorney fees to be addressed through a comprehensive reconsideration and reallocation at a final hearing on attorney fees held near the entry of the final judgment of dissolution. In accordance with this intent, the interlocutory appeal of interim-attorney-fee awards is not permitted by any supreme court rule." *Arjmand*, 2017 IL App (2d) 160631, ¶ 21.

"The statute's plain language indicates interim attorney fee awards provide *temporary* relief during divorce litigation. [Citation.] These interim awards are treated as interlocutory orders and are not subject to appeal." (Emphasis in original.) *In re Marriage of Johnson*, 351 Ill. App. 3d 88, 96 (2004).

¶ 16    We find this case similar to *In re Marriage of Derning*, 117 Ill. App. 3d 620 (1983). The trial court in *Derning* divided the marital property but reserved its ruling on the issue of attorney fees. The wife appealed. The appellate court held that it lacked jurisdiction to consider the appeal because the trial court had not entered a final order. The *Derning* court explained:

> "Section 508 of the Illinois Marriage and Dissolution of Marriage Act [citation] empowers the trial court to require one party to pay the other party's attorney fees after consideration of the financial resources of the parties. Since this section

5

requires a comparison of the parties' respective financial resources, the apportionment of the final fee award is inextricably dependent upon the ultimate division of property. ***

*** Necessarily, attorney fees should be allocated before the reviewing court can properly assess the trial court's division of property and decisions regarding maintenance and child support. *** [T]he allocation of attorney fees judgment is dependent upon and integrally related to decisions regarding property ***.

*** Given the policy *** of deciding all the issues in a dissolution-of-marriage case in a single judgment, we believe attorney fees cannot be resolved in a supplemental hearing as an incidental matter to the divorce decree.

Since attorney fees are not an incidental matter, this court has jurisdiction of this case only if the divorce decree is a final judgment or if the fees are a separate claim pursuant to Rule 304(a) [citation]. Here, we believe based upon the authority of the supreme court's recent decision in *In re Marriage of Leopando* (1983), 96 Ill. 2d 114, that the May 7, 1982, order was not a final judgment. In *Leopando*, the trial court entered an order dissolving the parties' marriage and determining permanent custody of their minor child. In his custody order, the trial judge recited the Rule 304(a) language and specifically reserved maintenance, property distribution and attorney fees for future consideration. On appeal, the supreme court held that a custody order in a dissolution-of-marriage case is not a separate claim and therefore is not appealable pursuant to Supreme Court Rule

6

304(a) [citation]. In support of its holding, the court reasoned that a petition for dissolution advances only a single claim and that the 'numerous other issues involved, such as custody, property disposition, and support are merely questions which are *ancillary* to the cause of action.' (*In re Marriage of Leopando* (1983), 96 Ill. 2d 114, 119.) Stressing the interrelatedness of custody awards and decisions regarding child support and maintenance, the *Leopando* court concluded that a petition for dissolution is not a final judgment until the remaining issues are resolved.

The policy considerations underlying Rule 304(a), the court continued, also support the conclusion that a custody order is not a final judgment. Quoting from its earlier discussion of Rule 304(a) in *In re Marriage of Lentz* (1980), 79 Ill. 2d 400, 407, the court said: ' "The provisions of our rule were aimed at discouraging piecemeal appeals in the absence of some compelling reason and at removing the uncertainty as to the appealability of a judgment which was entered on less than all of the matters in controversy." ' *In re Marriage of Leopando* (1983), 96 Ill. 2d 114, 119, quoting *Lentz*." (Emphasis in original.) *Derning*, 117 Ill. App. 3d at 625-27.

¶ 17        The reasoning of the supreme court in *In re Marriage of Leopando*, 96 Ill. 2d 114 (1983), "leads to our conclusion that the *** order was not a final judgment. Like a custody order, an attorney fees judgment in a dissolution-of-marriage case is not a separate claim, but rather is integral to the order dissolving a parties' marriage." *Derning*, 117 Ill. App. 3d at 627.

7

¶ 18    We find the order for attorney fees here similarly inextricably intertwined with the property issues that remain partially unresolved. The claim for attorney fees here is not a separable claim for purposes of appeal, and the order awarding attorney fees for the appeal does not finally resolve any separate claim. We hold that when the trial court awards fees for an appeal in a divorce case and the trial court has issues other than fees still pending, the award grants interim fees not subject to immediate appeal.

¶ 19    "[T]he inclusion of the special finding [under Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016)] in the trial court's order cannot confer appellate jurisdiction if the order is in fact not final." *Crane Paper Stock Co. v. Chicago & Northwestern Ry. Co.*, 63 Ill. 2d 61, 66 (1976). The order of September 17, 2018, which awards interim fees under section 508 of the Act, does not finally dispose of any separate claim, and therefore the inclusion of Rule 304(a) language in the order does not make the interlocutory order final and appealable. We must dismiss the appeal for lack of jurisdiction.

¶ 20                                          CONCLUSION

¶ 21    Because the order of September 17, 2018, awards interim fees, subject to correction in the final judgment, while other issues in the case remain unresolved, the order is not a final judgment ripe for appellate review under Illinois Supreme Court Rule 304(a). Accordingly, we dismiss the appeal.

¶ 22    Appeal dismissed.

---

**No. 1-18-2211**

---

| | |
|---|---|
| **Cite as:** | *In re Marriage of Crecos*, 2020 IL App (1st) 182211 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 07-D-10902; the Hon. Robert W. Johnson, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Michael G. DiDomenico and Sean M. Hamann, of Lake Toback DiDomenico, of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | James R. Branit, of Litchfield Cavo LLP, of Chicago, for appellee. |

---