2020 IL App (1st) 191840
Opinion filed August 20, 2020
Fourth Division

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the Circuit |
| | ) | Court of Cook County. |
| MICHELLE GABRIEL, | ) | |
| | ) | |
| Petitioner-Appellee, | ) | No. 17 D2 30433 |
| | ) | |
| and | ) | |
| | ) | |
| HASSAMO SHAMOUN, | ) | Honorable |
| | ) | Jeanne M. Reynolds, |
| Respondent-Appellant. | ) | Judge, presiding. |

JUSTICE LAMPKIN delivered the judgment of the court, with opinion.
Presiding Justice Gordon and Justice Reyes concurred in the judgment and opinion.

**OPINION**

¶ 1   Respondent Hassamo Shamoun (Sam) appeals from an order of the circuit court awarding petitioner Michelle Gabriel interim attorney fees in connection with Sam's earlier appeal of the circuit court's judgment dissolving the parties' marriage. For the following reasons, we dismiss the appeal for lack of jurisdiction.[1]

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

¶ 2                                    I. BACKGROUND

¶ 3      In November 2018, the circuit court entered a final judgment dissolving Michelle and Sam's marriage. Among other things, the judgment awarded Michelle maintenance of $1402.42 per month for 24.3 months, ordered Sam to pay child support of $1500 per month (an upward deviation from the statutory guidelines), and ordered Sam to contribute $15,000 to Michelle's attorney fees. Sam appealed.

¶ 4      On March 31, 2020, we issued an opinion affirming the judgment in part and reversing in part. *In re Marriage of Gabriel*, 2020 IL App (1st) 182710. As relevant here, we held that the circuit court erred in calculating Sam's presumptive child support obligation under the guidelines by failing to adjust the parties' respective net incomes to account for the amount of maintenance that Sam was ordered to pay Michelle. *Id.* ¶¶ 57-58. While we concluded that the circuit court did not abuse its discretion in determining that an upward deviation from the guidelines was warranted (*id.* ¶¶ 60-65), we nevertheless reversed the child support award because it was unclear whether the court's decision to deviate from the guidelines (and the extent of the deviation) was influenced by the court's miscalculation of the parties' respective net incomes (*id.* ¶ 66). We instructed the circuit court on remand to recalculate Sam's guideline child support obligation and reconsider whether a deviation from the guideline amount is warranted.

¶ 5      In June 2019, while the prior appeal was pending, Michelle filed a petition in the circuit court for interim attorney fees related to the appeal. In the petition, Michelle asserted that defending the appeal would require her attorneys, David C. Adams and Laura M. Presto, to spend "substantial time" reviewing Sam's opening brief and the record on appeal, researching and drafting her response brief, reviewing Sam's reply brief, and preparing for and presenting oral

argument, if necessary. Michelle asserted that, based on their experience, Presto was entitled to charge $400 per hour for office time and $450 per hour for court time, and Adams was entitled to charge $500 per hour for office time and $550 per hour for court time. Without providing an estimate of the number of hours of office time or court time that either attorney expected to expend on the appeal, Michelle requested an award of $25,000 in prospective attorney fees for the appeal. She asserted that Sam had the financial resources to pay such fees while she did not. In support of that argument, Michelle alleged (among other things) that Sam had failed to make his required maintenance and child support payments.

¶ 6    In response, Sam alleged that he was complying with his maintenance and child support obligations and argued that those payments significantly reduced any disparity in the parties' respective resources. In addition, repeating an argument raised in his then-pending appeal, Sam claimed that the circuit court had overstated his income and that, based on his actual income, he lacked the ability to pay Michelle's attorney fees.[2] Finally, Sam argued that Michelle's request for $25,000 in attorney fees was unreasonable in light of the "relatively straightforward" nature of the appeal, the limited appellate record, and the fact that Michelle's appellate attorneys had represented her at trial and were thus familiar with the case.

¶ 7    On August 19, 2019, after a hearing, the circuit court granted Michelle's petition for $25,000 in interim attorney fees related to the then-pending appeal. The court found that the amount of fees requested by Michelle was reasonable. In addition, after reviewing the parties' financial affidavits and supporting documents, including Sam's bank statements, the court found

---

[2] In resolving Sam's prior appeal, we rejected his contention that the circuit court abused its discretion in using the average of his 2016 and 2017 income when calculating his income for maintenance and child support purposes. *In re Marriage of Gabriel*, 2020 IL App (1st) 182710, ¶¶ 39-44.

that Sam had the ability to pay Michelle's attorney fees and that Michelle did not. In particular, the court found Sam's assertion that he lacked the ability to pay the fees "totally disingenuous." The court also rejected Sam's contention that his maintenance and child support obligations equalized the parties' respective resources, finding that Sam "[had] not been paying the maintenance and child support despite having the funds available" to do so. On September 11, 2019, Sam filed a notice of appeal.

¶ 8                                II. ANALYSIS

¶ 9      On appeal, Sam contends that the circuit court abused its discretion in awarding Michelle $25,000 in interim attorney fees to defend against his prior appeal of the circuit court's dissolution judgment. Before we may consider the merits of Sam's appeal, however, we must assess whether we have appellate jurisdiction. Michelle argues that we lack jurisdiction because the circuit court's order awarding interim attorney fees is not a final and appealable order. We agree.

¶ 10     Under the Illinois Marriage and Dissolution of Marriage Act (Act), "[t]he court from time to time, after due notice and hearing, and after considering the financial resources of the parties, may order any party to pay a reasonable amount for his own or the other party's costs and attorney's fees." 750 ILCS 5/508(a) (West 2018). This provision allows the court to award interim attorney fees during the pendency of the proceedings and make a final award of attorney fees once the proceedings have concluded. See *id.* As relevant here, such fees may be awarded in connection with "[t]he defense of an appeal of any order or judgment under this Act." 750 ILCS 5/508(a)(3) (West 2018).

¶ 11     Interim attorney fees are those that are "assessed from time to time while a case is pending, in favor of the petitioning party's current counsel, for reasonable fees *** either already incurred

or to be incurred." 750 ILCS 5/501(c-1) (West 2018). The purpose of awarding interim attorney fees is "to level the playing field by equalizing the parties['] litigation resources where it is shown that one party can pay and the other party cannot." *In re Marriage of Beyer*, 324 Ill. App. 3d 305, 315 (2001). An award of interim attorney fees is made "without prejudice to any final allocation [of attorney fees] and without prejudice as to any claim or right of either party or any counsel of record at the time of the award." 750 ILCS 5/501(c-1)(2) (West 2018). "Any such claim or right may be presented by the appropriate party or counsel at a hearing on contribution under [section 503(j)] or a hearing on counsel's fees under [section 508(c)]." *Id.* "Any portion of any interim award constituting an overpayment shall be remitted back to the appropriate party or parties, or, alternatively, to successor counsel, as the court determines and directs ***." *Id.*

¶ 12    As these provisions make clear, an award of interim attorney fees "is strictly temporary in nature" and "subject to adjustment (including, if necessary, the disgorgement of overpayments to an attorney) at the close of the dissolution proceeding." *In re Marriage of Arjmand*, 2017 IL App (2d) 160631, ¶ 20. For that reason, the appellate court has consistently recognized that orders awarding interim attorney fees are not final and appealable. See *id.* ¶ 21 ("the interlocutory appeal of interim-attorney-fee awards is not permitted by any supreme court rule"); *In re Marriage of Radzik*, 2011 IL App (2d) 100374, ¶ 45 ("a court order awarding interim attorney fees under section 501(c-1) of the Act is not an appealable interlocutory order"); *In re Marriage of Johnson*, 351 Ill. App. 3d 88, 96 (2004) ("interim awards are treated as interlocutory orders and are not subject to appeal"); *In re Marriage of Tetzlaff*, 304 Ill. App. 3d 1030, 1031 (1999) ("court orders awarding interim attorney fees pursuant to section 501(c-1) of the Act are not subject to interlocutory appeal").

¶ 13    Sam argues that these cases are distinguishable because they involved interim attorney fee awards made in prejudgment proceedings, whereas the fee award here was made after judgment had been entered, in connection with an appeal of the judgment. But section 508(a) provides that "[i]nterim attorney's fees *** may be awarded *** in a pre-judgment dissolution proceeding in accordance with [section 501(c-1)] *and in any other proceeding under this subsection*." (Emphasis added.) 750 ILCS 5/508(a) (West 2018). The proceedings in which attorney fees may be awarded under that subsection include "[t]he defense of an appeal of any order or judgment under this Act." 750 ILCS 5/508(a)(3) (West 2018). In light of the plain language of section 508(a) and its express reference to section 501(c-1), this court has previously held that section 501(c-1) likewise applies in both prejudgment and postjudgment proceedings under the Act. See *Beyer*, 324 Ill. App. 3d at 314 ("Under a plain reading of the statute, we conclude the legislature intended section 501(c-1) to apply in post decree proceedings."); *In re Marriage of Oleksy*, 337 Ill. App. 3d 946, 950 (2003) ("Section 501(c-1) applies to both predissolution and postdissolution decree proceedings.").

¶ 14    Sam further argues that the circuit court's order awarding attorney fees in connection with the prior appeal was a final fee award rather than an interim fee award because briefing on the appeal was complete at the time the circuit court entered its order. But what matters is that the appeal was still pending. Although we ultimately decided the appeal without oral argument, neither the circuit court nor the parties could have known that would be the case, either at the time Michelle petitioned for attorney fees or when the circuit court entered its order. Indeed, in her fee petition, Michelle noted that the appeal might involve a "possible oral argument" and discussed the fees her attorneys charged for time spent in court. We thus construe the court's attorney fee award as covering both fees that Michelle had already incurred as well as those that she reasonably might

incur during the remaining pendency of the appeal. See 750 ILCS 5/501(c-1) (West 2018) (interim attorney fees may be awarded "for reasonable fees and costs either already incurred or to be incurred"). Now that the appeal is complete, the circuit court will be able to assess the actual amount of attorney fees that Michelle incurred in connection with the appeal when making a final award of attorney fees. If the amount of fees actually incurred is less than was anticipated by the court when it entered the interim fee award, the court will be able to make appropriate adjustments in its final fee award. See *Arjmand*, 2017 IL App (2d) 160631, ¶ 20 (award of interim attorney fees is "subject to adjustment (including, if necessary, the disgorgement of overpayments to an attorney) at the close of the dissolution proceeding").

¶ 15    Finally, even if the circuit court's fee award would have otherwise been final, our subsequent decision partially reversing the court's underlying dissolution judgment and remanding for further proceedings rendered the fee award interlocutory. As we recently explained in *In re Marriage of Crecos*, 2020 IL App (1st) 182211, ¶ 18, "when the trial court awards fees for an appeal in a divorce case and the trial court has issues other than fees still pending, the award grants interim fees not subject to immediate appeal." In *Crecos*, the trial court awarded the wife attorney fees for two prior (completed) appeals, and the husband appealed the fee awards. *Id.* ¶¶ 3-7. Because one of the appeals resulted in a remand for further proceedings, we concluded that the fee awards were necessarily interim in nature and not subject to immediate appeal. "Because issues remain pending," we explained, "the trial court may reconsider its initial allocation of attorney fees, and provide for an assessment of further attorney fees in connection with the pending issues, in its final judgment." *Id.* ¶ 13. For that reason, we held that the circuit court's fee award for the prior appeals was "not a final judgment ripe for appellate review." *Id.* ¶ 21.

¶ 16    Although the procedural posture here is somewhat different, the same principle applies. Because the issue of child support is currently pending in the circuit court following our resolution of Sam's prior appeal, the circuit court's award of attorney fees related to that appeal is necessarily interlocutory. As *Crecos* explained, after the circuit court resolves the child support issue, it may then "reconsider its initial allocation of attorney fees [for the prior appeal], and provide for an assessment of further attorney fees in connection with the [remand proceedings], in its final judgment." *Id.* ¶ 13.

¶ 17    Because the circuit court's attorney fee award remains open to modification, the award was necessarily an interim fee award that is not subject to immediate appeal. We therefore must dismiss this appeal for lack of appellate jurisdiction. In light of this disposition, we do not address Sam's contentions regarding the reasonableness of the attorney fees incurred by Michelle or his ability to pay them. These are matters that the circuit court will be able to reassess when entering any final fee award.

¶ 18                                    III. CONCLUSION

¶ 19    For the foregoing reasons, we dismiss this appeal for lack of appellate jurisdiction.

¶ 20    Appeal dismissed.

**No. 1-19-1840**

| | |
|---|---|
| **Cite as:** | *In re Marriage of Gabriel*, 2020 IL App (1st) 191840 |
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 17-D2-30433; the Hon. Jeanne M. Reynolds, Judge, presiding. |
| **Attorneys for Appellant:** | Alexander Michael, of Michael D. Ettinger & Associates, of Palos Heights, for appellant. |
| **Attorneys for Appellee:** | David C. Adams and Laura M. Presto, of Grund & Leavitt, P.C., of Highland Park, for appellee. |