2020 IL App (1st) 190624-U

FIFTH DIVISION
DECEMBER 31, 2020

No. 1-19-0624

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| *In re* CUSTODY OF R.N.-E., | ) | Appeal from the |
| | ) | Circuit Court of |
| (SAMUEL E., | ) | Cook County. |
| | ) | |
|     Petitioner-Appellee, | ) | |
| | ) | No. 17 D 79567 |
| v. | ) | |
| | ) | |
| THUY N., | ) | Honorable |
| | ) | Abby Romanek, |
|     Respondent-Appellant). | ) | Judge Presiding. |

_____

JUSTICE CUNNINGHAM delivered the judgment of the court.
Justices Hoffman and Rochford concurred in the judgment.

**ORDER**

¶ 1   *Held:*  The record is insufficient to review respondent-appellant's contentions of error in allocation of parental responsibilities judgment, and we lack jurisdiction to review the trial court's decision to deny interim attorney's fees to respondent-appellant.

¶ 2   This appeal arises out of an order allocating parental responsibilities as to the minor child, R.N.-E., who was born to petitioner-appellee Samuel E. and respondent-appellant Thuy N. in March 2016. The circuit court of Cook County entered an allocation of parental responsibilities judgment on March 1, 2019, following trial. That same day, the court entered an order denying

Thuy's motion for interim attorney's fees. On appeal, Thuy contends that (1) the court's judgment regarding allocation of parental responsibilities failed to take into account the best interests of the child in accordance with subsection 602.7(b) of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/602.7(b) (West 2018)) (the Act); (2) the court improperly condoned the alleged "misconduct and malfeasance" of the appointed guardian *ad litem*; and (3) the court erred in denying her motion for attorney's fees. For the reasons that follow, we affirm the judgment of the circuit court of Cook County in part and dismiss the appeal in part.

¶ 3                                                    BACKGROUND

¶ 4      The minor child, R.N.-E., was born in 2016 to Samuel and Thuy, who were never married. Samuel and Thuy's relationship began in 2002 and continued on and off until April 2017. Following the end of their relationship, Thuy filed an *ex parte* order of protection against Samuel, which expired on its own terms on April 24, 2017, as Thuy failed to pursue a plenary order.

¶ 5      Thuy then moved with the minor child to Texas, where she had purchased a home, supposedly with cash. On April 28, 2017, Samuel obtained an *ex parte* order of protection against Thuy which also required her to return the minor child to Samuel's care in Illinois.

¶ 6      By May 1, 2017, the child was returned to Samuel, and Thuy had also returned to Chicago. On May 9, 2017, Samuel filed a petition for temporary allocation of parental responsibilities and other relief. Thuy, in turn, filed her own petition for allocation of parental responsibilities. Over the course of the next month, the court appointed Ralla Klepak as guardian *ad litem* for the minor child and ordered Thuy to post a $5,000 bond to ensure that she would not remove the child from the state. On June 2, 2017, the court entered a plenary order of protection ordering that the child remain with Samuel, while granting Thuy limited visitation.

¶ 7      On May 21, 2018, and continuing on and off until November 2018, the trial on Samuel and

Thuy's competing petitions to allocate parental responsibilities took place. On July 26, 2018, while the trial was underway, Thuy filed an amended petition for interim and prospective attorney's fees.

¶ 8    On March 1, 2019, the court entered an order allocating parental responsibilities. The order made no factual findings, but instead apportioned the time the minor child would spend with each parent on a regular basis, as well as holidays. The order further vested Samuel with significant decision-making responsibilities, specifically as it related to education, religion, health, and extracurricular activities. The order reserved the issues of financial responsibilities and child support.

¶ 9    That same day, the court also entered an order denying Thuy's motion for interim attorney's fees on the basis that Thuy's own misconduct and refusal to cooperate or coparent meaningfully with Samuel necessitated the trial proceedings in the first place.

¶ 10    Also on March 1, 2019, the court entered an order indicating that it would enter its "proposed findings" before the next court date of March 25, 2019.

¶ 11    Although Thuy filed a notice of appeal on March 26, 2019, the court did not enter factual findings until June 19, 2019.

¶ 12                                ANALYSIS

¶ 13    Thuy challenges two orders on appeal: the trial court's allocation of parental responsibilities judgment, and the court's order denying her petition for interim attorney's fees. Although neither party raises the issue of our jurisdiction over these orders, we have an independent duty to consider whether we have jurisdiction to hear an appeal. *A.M. Realty Western LLC v. MSMC Realty LLC*, 2016 IL App (1st) 151087, ¶ 67. Turning first to the judgment allocating parental responsibilities, we note that notwithstanding that Thuy filed her notice of

appeal prior to the trial court completing its findings of fact, we have jurisdiction to review this matter: the notice of appeal was filed within 30 days after the court entered its allocation of parental responsibilities judgment, which is an appealable interlocutory order. See Ill. S. Ct. R. 304(b)(6) (eff. Mar. 8, 2016); Ill. S. Ct. R. 303 (eff. July 1, 2017).

¶ 14    However, the court's order denying interim attorney's fees is *not* a final or appealable order. Specifically, the Act provides that any award of interim fees is "without prejudice to any final allocation [of attorney fees] and without prejudice as to any claim or right of either party or any counsel of record at the time of the award."  750 ILCS 5/501(c-1)(2) (West 2018). This court has consistently interpreted this language to mean that an award of interim attorney's fees is temporary and subject to adjustment at the close of proceedings.  *In re Marriage of Gabriel*, 2020 IL App (1st) 191840, ¶ 12 (collecting cases). Here, while the fee order was entered at the same time as the allocation of parental responsibilities judgment, that judgment was itself not final as it reserved for future consideration financial issues, including the amount of child support.  See *In re Marriage of Susman*, 2012 IL App (1st) 112068, ¶ 13. ("[G]enerally only a judgment that does not reserve any issues for later determination is final [].").  Indeed, since the filing of Thuy's notice of appeal, proceedings continued in the trial court, and the case is currently active in the trial court as of the date of this order.  For this reason, we conclude that Thuy's appeal from the trial court's denial of her petition for interim attorney's fees was premature.  Therefore, we lack jurisdiction to review that portion of the court's March 1, 2019 order denying Thuy interim attorney's fees.

¶ 15    Turning then to the merits of Thuy's challenge to the court's allocation of parental responsibilities judgment, Thuy argues that the court failed to consider the best interests of the child in allocating parental responsibilities, as required under the Act.  See 750 ILCS 5/602.7(b) (West 2018) ("The court shall allocate parenting time according to the child's best interests.").

Because determining custody is within the sound discretion of the trial court, we apply a deferential standard of review. *In re G.L.*, 2017 IL App (1st) 163171, ¶ 24. The specific standard of review—abuse of discretion or manifest weight of the evidence—is unclear. See, *e.g. In re Marriage of Whitehead*, 2018 IL App (5th) 170380, ¶ 21 (describing that reviewing court will only disturb trial court's decision on parenting time if it is "against the manifest weight of the evidence, is manifestly unjust, or is the result of an abuse of discretion"); *G.L.*, 2017 IL App (1st) 163171, ¶ 24 (same). But we need not resolve this issue today, as the incompleteness of the record precludes us from reviewing Thuy's contention of error under either standard.

¶ 16    Significantly, the court's allocation of parental responsibilities judgment entered on March 1, 2019, did not include findings of fact in support of that judgment. Rather, at the time the court issued its allocation judgment, it indicated that findings of fact would be forthcoming before the next court date, which was to be March 25, 2019. Nevertheless, before those findings were issued, Thuy filed a notice of appeal. Strictly speaking, that appeal was timely (*supra* ¶ 13), but it was perhaps logically premature in light of the facts and unique procedural posture of the litigation. In any event, the findings of fact were finally issued on June 19, 2019. Nevertheless, Thuy has not sought to supplement the record on appeal with those findings. Nor has Thuy included a complete transcript of the trial proceedings.[1] It is well-settled that the appellant has the burden to provide a complete record for our review. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). In the absence of a complete record, we must presume that the trial court's order conformed to the law and had a

---

[1] On October 1, 2020, Thuy filed a motion in this court to supplement the record on appeal with 26 exhibits as well as transcripts of the proceedings on 8 trial dates. Thuy represented that these documents "are necessary in order to present a full record on appeal to the Appellate Court." We denied Thuy's motion without prejudice for failure to submit a properly certified record. To date, Thuy has not filed a subsequent motion seeking to supplement the record with properly certified documents.

sufficient factual basis. See *id.* at 392. Thuy's failure to include a complete trial transcript (or, alternatively, a bystander's report), coupled with her failure to include the court's factual findings in support of its allocation of parental responsibilities judgment, leave us unable to review Thuy's claim of error on appeal.

¶ 17     We are likewise unable to review Thuy's further argument that the trial court acted as an advocate for Samuel and condoned "the misconduct and malfeasance" of the guardian *ad litem*. Without a complete record of the trial proceedings, we cannot evaluate the merit, if any, of these allegations.

¶ 18                                        CONCLUSION

¶ 19     For the reasons stated, we affirm the judgment of the circuit court of Cook County allocating parental responsibilities as to R.N.-E. and dismiss the portion of the appeal challenging the court's order denying Thuy's petition for interim attorney's fees.

¶ 20     Affirmed in part and appeal dismissed in part.