2022 IL App (1st) 210160-U
No. 1-21-0160
June 30, 2022

FIRST DIVISION

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | |
|---|---|
| *In re* MARRIAGE OF <br> DIANA LYNN BARR CRECOS, | ) Appeal from the Circuit Court <br> ) of Cook County, Illinois |
| | ) |
| Petitioner-Appellee, | ) No. 07 D 10902 |
| | ) |
| v. | ) The Honorable |
| GREGORY CRECOS | ) Robert W. Johnson, |
| Respondent-Appellant. | ) Judge Presiding. |
| | ) |

JUSTICE WALKER delivered the judgment of the court.
Presiding Justice Hyman and Justice Coghlan concurred in the judgment.

**ORDER**

¶ 1    *Held*:  For a petition to modify child support, the trial court should limit evidence to the petition's allegations that a substantial change in circumstances occurring prior to the filing of the petition warrants the modification.

¶ 2    Diana Lynn Barr Crecos filed for dissolution of her marriage to Gregory Crecos in 2007, and the final judgment order was entered in December 2009. The parties have litigated various post-judgment issues for many years. This appeal involves the trial court's denial of Gregory's

petition for modification of child support. Gregory contends the trial court erred by excluding evidence of changes in the parties' circumstances occurring years after he filed his petition. We hold that on the threshold issue of whether Gregory showed a substantial change in circumstances as alleged in his petition, the trial court correctly restricted the evidence to changes occurring before he filed the petition. We affirm.

¶ 3                                    BACKGROUND

¶ 4        Diana and Gregory married in 2000, and they had two children. Diana petitioned for dissolution of the marriage in 2007, and in 2009, the trial court entered an order dissolving the marriage, allocating the parties' assets, and ordering Gregory to pay Diana child support of $10,000 per month. In part, the trial court granted Gregory's motion to reconsider and revised its allocations, entering a final judgment on June 24, 2010.

¶ 5        On July 29, 2010, Gregory filed a petition to modify child support. He alleged:

"Since the entry of the Judgment, there has been a substantial change in circumstances that warrants a modification of Greg's child support obligation.

5.  Greg's 2009 W-2 shows a gross income of $77,000.00 (Net $35,850.44).  Greg's 2009 K-1 Distribution shows income in the amount of $172,899.99. ***.

6.  For the year 2009, Greg's total net income from his K-1 Distribution and W-2 was $208,750.43.  This represented a substantial change in circumstances from his 2007 income of $700,000 ***.

7. As a result of this substantial reduction in income, Greg has been forced into dire financial circumstances. He has had to borrow money from friends and relatives;

2

806 Dearborn LLC property is under foreclosure; Cook County Property Taxes on

his properties are delinquent (804 N. Dearborn; 806 N. Dearborn; 2704 W. Ainslie

(Washtenaw); 4816 N. Hermitage; 1207 Astor; 4653 N. Wolcott); he is unable to

refinance/renew current mortgage loans. Moreover, Gregory Michaels &

Associates took a major loss in 2009 and business continues to be slow."

¶ 6    The case endured multiple appeals: *In re Marriage of Crecos*, 2012 IL App (1st) 102158-U; *In re Marriage of Crecos*, 2015 IL App (1st) 132756; *In re Marriage of Crecos*, 2019 IL App (1st) 171368-U; *In re Marriage of Crecos*, 2020 IL App (1st) 182211; *In re Marriage of Crecos*, 2021 IL 126192. Throughout the decade, Diana sought to enforce her rights and her children's rights to the support ordered in the December 2009 judgment.

¶ 7    In January 2020, Gregory filed a supplement to his petition to modify support. He alleged:

"Greg was rendered financially devastated by the aftermath of Diana's enforcement

actions, ultimately forcing the closure of his business. Without a source of income,

Greg was forced into Social Security. Worse, Diana has now initiated a foreclosure

action on his home. ***

***

*** As a result of this substantial reduction in income, Greg cannot meet his

financial obligations for the following reasons ***:

Greg was wiped out of his cash liquidity;

Greg's business of 30+years had to shut down;

Greg was impeded from obtaining a loan using his home as collateral;

Unable to qualify for a conventional loan due to his reduced income, dwindling credit worthiness and debt load, Greg was forced to obtain a $300K unconventional loan and incurred an additional $20K loan fee to save his home from the property tax collector as the funds that he had for property taxes were frozen and eventually turned over to Diana;

Greg's credit worthiness has diminished, and his debt load has increased exponentially;

Greg has lost use of ALL of his credit cards when he entered into a debt management plan with said creditors;

Greg lost his health insurance for himself and his children – the effects of no health coverage were catastrophic for Greg's health given his medical condition;

Greg lost the Life Insurance policy he had in place for years for his children;

Greg has had to borrow money from friends and family members to make ends meet;

Greg is now facing foreclosure on his home."

¶ 8    The trial court set the petition to modify support for a hearing on January 11, 2021. Prior to the hearing, Diana filed a motion to limit evidence to the change in circumstances alleged in Gregory's July 2010 petition. She separately filed a motion for a ruling that 2016 amendments to the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/501 *et seq.* (West 2018)) would not apply to recalculation of Gregory's support obligation. The trial court held that the 2016 amendment would not apply. See *In re Marriage of Benink*, 2018

IL App (2d) 170175, ¶ 29. The court also held that on the threshold issue of whether Gregory showed a substantial change in circumstances warranting modification of child support, the court would consider only evidence of a change in circumstances in the period from the entry of the order for child support, in December 2009, to the filing of Gregory's petition for modification in July 2010.

¶ 9       Following the evidentiary hearing, the court held that Gregory did not prove that a substantial change in circumstances justified his July 2010 petition to modify support.  Gregory now appeals.

¶ 10                                            ANALYSIS

¶ 11       Gregory argues the court erred by excluding evidence of changes after 2010 and by holding that the subsequent amendments to the Act would not apply to his request for modification of support.  The record on appeal does not include any report of the evidentiary hearing on Gregory's petition to modify support. Greogory does not challenge the court's finding that he failed to prove the allegations of his July 2010 petition in which he claimed that a substantial change in circumstances warranting modification occurred after entry of the judgment including child support in December 2009 and before the filing of the petition in July 2010.

¶ 12       Diana contends Gregory waived the evidentiary issue by failing to make an offer of proof. "[A]n offer is necessary in situations where the trial judge, opposing counsel and reviewing courts would otherwise have no other satisfactory indication of the substance of the proof to be made, but an offer is not necessary when the trial judge understands the character of the evidence and the nature of the objection to it." *Lindley v. St. Mary's Hospital*, 85 Ill. App. 3d

559, 566-67, 406 N.E.2d 952 (1980). Here, the allegations of Gregory's 2020 supplement to his petition adequately show the character of the evidence Gregory would present and the nature of Diana's objection to that evidence. We find the record sufficient for us to address Gregory's argument.

¶ 13    The parties disagree as to the standard of review. The trial court partially granted Diana's motion *in limine* to exclude evidence of Gregory's income after 2010, holding the evidence irrelevant to the threshold issue of whether Gregory proved the substantial change in circumstances alleged in his July 2010 petition. "Generally speaking, evidentiary motions, such as motions *in limine,* are directed to the trial court's discretion." *In re Leona W.*, 228 Ill. 2d 439, 460, 888 N.E.2d 72 (2008). Gregory argues the issues are "purely legal" and are subject to *de novo* review. "It is true that reviewing courts sometimes review evidentiary rulings *de novo*. This exception to the general rule of deference applies in cases where 'a trial court's exercise of discretion has been frustrated by an erroneous rule of law.'" *People v. Caffey*, 205 Ill. 2d 52, 89, 792 N.E.2d 1163 (2001), quoting *People v. Williams*, 188 Ill. 2d 365, 369, 721 N.E.2d 539 (1999). Insofar as Gregory claims the trial court excluded the evidence based on an erroneous ruling of law, we review the court's ruling *de novo*.

¶ 14    The decision to modify child support "is a two-step process. First, the court must find a substantial change in circumstances. Second, the court must look to the statutory factors to determine the new amount." *In re Marriage of Izzo*, 2019 IL App (2d) 180623 ¶ 25. The trial court correctly treated Gregory's allegation of a substantial change in circumstances as a threshold issue requiring proof before the court would consider changing the support order.

¶ 15    Gregory argues that his 2020 supplement to the petition to modify support changed the relevant time period, and made any substantial change after 2009 grounds for modifying support. He invokes section 2-616(b) of the Code of Civil Procedure in support. 735 ILCS 5/2-616(b) (West 2020). Under section 2-616(b), an amendment to a pleading relates back to the original pleading if the claim in the amended pleading "grew out of the same transaction or occurrence set up in the original pleading." 735 ILCS 5/2-616(b) (West 2020). The initial claim should provide a defendant with all the information necessary to prepare a defense to the subsequently asserted claim. *McArthur v. St. Mary's Hospital of Decatur*, 307 Ill. App. 3d 329, 334, 717 N.E.2d 501 (1999).

¶ 16    Gregory's supplement rests on allegations about his misfortunes after 2015, when this court vacated an extremely favorable judgment Gregory obtained from a judge who lacked jurisdiction to decide the case. The July 2010 petition did not prepare Diana to defend against claims about occurrences from 2015 through 2019. The supplement does not relate back to the original pleading. See *McArthur*, 307 Ill. App. 3d at 334. If Gregory could establish his threshold claim of a substantial change that took place between December 2009 and July 2010, the allegations of the supplement would have bearing on the extent of the modification of Gregory's support obligation. See *Izzo*, 2019 IL App (2d) 180623 ¶ 25. We find the allegations of the supplement have no bearing on the threshold issue of whether Gregory had proven the change in circumstances as alleged in his petition for modification of child support. A fundamental principle is that a judgment order must be supported by allegations in the complaint and by evidence. *In re Marriage of Adams*, 92 Ill. App. 3d 797, 805-06, 416 N.E.2d

316 (1981). Where allegations are not established by the proof, the petition must be dismissed. *McCarrel v. McCarrel*, 17 Ill. App. 3d 1034, 1039 (1974).

¶ 17        Gregory protests that the trial court must have erred because the ruling renders him liable for the child support ordered in the original divorce decree entered in December 2009, even if he could prove substantial changes in circumstances occurring in 2012 or 2015. Gregory cites a case that shows the correct procedure. Jonathan Barnard filed a petition to modify child support. When he recognized that further developments made the petition unlikely to succeed, he withdrew it. He subsequently filed a new petition for modification of child support, for which he could introduce evidence of substantial changes from the time of the entry of the order for support to the date of his new petition. See *In re Marriage of Barnard*, 283 Ill. App. 3d 366, 370, 669 N.E.2d 726 (1996).

¶ 18        Here, when Gregory realized he could not prove that a substantial change occurred before July 2010, he could have withdrawn the original petition for modification of support and filed a new petition for modification. Of course, the modification of child support would start no earlier than the date of filing the new petition for modification. See 750 ILCS 5/510(a) (West 2014). Gregory never withdrew his July 2010 petition for modification. He failed to prove the petition's allegation that a substantial change in circumstances justifying a modification of support had occurred by the time of filing the petition.

¶ 19                                          CONCLUSION

¶ 20        Because Gregory failed to prove the allegations of his July 2010 petition for modification of child support, the trial court correctly denied his petition. We do not reach the issue of

whether the 2017 amendments to the Act would apply to recalculation of Gregory's support obligation, as the trial court correctly found it had no grounds for modifying child support. Accordingly, we affirm the trial court's judgment.

¶ 21   Affirmed.